## MARTIN *v.* THE HAZZARD POWDER CO.

CONTRACT OF GUARANTY — *meaning of the words " value received."* In a guaranty written on the back of a promissory note the words *value received* import a consideration which is *prima facie* sufficient to support the contract.

PLEADING — *denying signature to written instrument.* In an action upon a written guaranty the execution of the instrument cannot be put in issue except by plea verified by affidavit, as provided in section 14 of the Practice Act (R. S. 105).

PRATICE — *when objection should be made.* An objection that evidence was given in rebuttal which should have been given at the opening of the case, not having been urged at the trial, will not be considered in this court.

NEW TRIAL — *of newly-discovered evidence.* That evidence has been discovered since the trial is not a ground for new trial.

1. If diligence was not used before the first trial to ascertain whether such evidence existed.

2. Or if such evidence is cumulative merely.

*Upon conflicting evidence.* A new trial will not be granted where the evidence is conflicting, and the verdict is substantially right.

INTEREST — *whether it is embraced in contract of guaranty.* Upon a guaranty indorsed on a promissory note, the interest specified in the note, as well as the principal sum, may be recovered.

PRESUMPTION — *as to law of another Territory.* In the absence of evidence as to the law of another Territory, the presumption is that it is the same as our own.

GUARANTY — *of its nature. Semble,* that a guaranty is an original undertaking upon which the guarantor is liable in the absence of proof that the maker of the note is insolvent, or that diligence was used to collect from him.

PRACTICE — *of instructions to the jury.* The court is not required to charge the jury in the exact language of the prayer. It is enough that the substance of the prayer was given.

*Of the assignment of error in this court.* An assignment of error covering the entire charge to the jury is in violation of the 12th rule of this court, and will not be considered as to any of the propositions embraced in the charge.

*Appeal from District Court, Arapahoe County.*

THE guaranty upon which the action was founded is quoted in the opinion, and the issues are there stated. The pleas were not under oath. After putting in the note and guaranty, plaintiff (appellee) rested, and defendant (appellant) moved for judgment of nonsuit, which was denied. Appellant then testified that the guaranty was given by him some time after the note was made, and that it was without consideration.

Appellee then called one Reynolds, who was appellee's agent, to prove the circumstances attending the making of the guaranty, and he testified in substance that appellant agreed to guarantee the note before it was made by Cornforth, and that witness paid to appellant one dollar in consideration of the execution of the guaranty. A general objection to this evidence was noted, but the ground thereof was not stated. Appellee also called one Fredendall, who related a conversation between Reynolds and appellant, to the effect that the latter promised to become security upon the note when it should be obtained from Cornforth, who was indebted to appellee.

Upon this evidence the jury found for plaintiff, and appellant moved for a new trial, and in support thereof filed several affidavits respecting newly-discovered evidence. In his own affidavit he deposed that he was surprised at the trial, by the testimony of Reynolds touching the payment of one dollar upon the execution of the guaranty; that Reynolds had frequently admitted to him that the guaranty was without consideration; that at the time of trial he was ignorant of facts set forth in the affidavits of James and Mary Martin, which latter affidavits were filed with his own; that he had then forgotten that James Martin was present at the execution of the guaranty, and did not become aware of it until the day following the trial, when the said James informed him of the fact; that he was also informed after the trial that one William J. Baker was present at the

execution of the guaranty, but that the said William was not a resident of the Territory, and therefore he could not obtain the affidavit of him, the said William.

James Martin deposed that he was present at the execution of the guaranty, and that nothing was then paid by Reynolds to appellant; that he did not communicate his knowledge of the matter to appellant until after the trial.

Mary Martin deposed to a conversation with Reynolds in May or June, 1873, in which the latter admitted that the guaranty was without consideration.

It was admitted at the hearing of the motion that this witness was appellant's wife.

The motion for new trial was denied, and appellant excepted.

The eighth assignment of error was as follows:

"The court erred in its instruction on the question of interest, there being no evidence in the case as to the rate of interest allowable by the laws of Wyoming Territory, or that said laws allowed the rate of interest stipulated for in said note."

Following this was the charge of the court, embracing several propositions.

The ninth assignment was upon the prayer for instruction, which is given in the opinion.

In argument it was contended that the guaranty was a collateral undertaking, upon which appellee could not recover without proof of diligence against the maker. This point is not noticed in the opinion.

Mr. T. G. PUTNAM, for appellant.

Mr. J. Q. CHARLES and Mr. A. C. PHELPS, for appellee.

STONE, J.  This was an action of assumpsit, brought by the appellee against the appellant, to recover from the appellant the amount of a promissory note made by one J. T. Cornforth, payable to the appellee, for the sum of seventeen hundred and fifty-nine dollars and seven cents

($1,759.07) with interest at the rate of ten per cent per annum, dated Cheyenne, Wyoming Territory, February 8th, 1870, upon a written guaranty, indorsed upon the back of said note, in the following words:

"For value received, I hereby guarantee full payment of the within note, eighteen months from this date. Denver, February 28, 1870."

To this action, the defendant (appellant) pleaded, 1st, the general issue. 2d, want of consideration for the guaranty.

There was a verdict for the plaintiff, for the principal of the note and interest.

A motion was made for a new trial, which was overruled, and judgment entered upon the verdict, and the defendant appeals to this court. The errors assigned, which will be considered by this court, are —

First. That the court erred in overruling the motion for a nonsuit.

Second. That the court erred in admitting improper testimony in behalf of the appellee in rebuttal.

Third. That the court erred in overruling the motion for a new trial.

Fourth. That the verdict was contrary to evidence, against the weight of evidence and against the law.

Fifth. That the damages assessed were excessive, and not supported by the evidence.

It is contended by counsel for appellant, that the motion for nonsuit should have been granted, for two reasons:

First. Because there was no consideration for the guaranty of Martin; and,

Second. Because there was no evidence that Martin ever executed the guaranty.

We are of the opinion that the words "for value received" contained in the contract of guaranty, import a consideration, sufficient to establish, on the part of the plaintiff, a *prima facie* case. Edwards on Bills and Prom. Notes, 233; Parsons on Bills, vol. 2, p. 130. The second reason urged in the motion for nonsuit was, that there was no evidence

that Martin ever executed the guaranty. This action is brought upon the guaranty; the guaranty is the foundation of the suit; the guaranty was in writing, and proof of its execution unnecessary, unless its execution was denied by the defendant, by a plea verified by his affidavit. Rev. Stat., tit. "Practice," p. 506, § 14. It is insisted that the testimony of Reynolds and Fredendall was improperly received in rebuttal. We do not find in the record before us, that any exception was taken to the testimony of these two witnesses on the trial, in the court below, on this point, and for that reason cannot be considered here.

But it is insisted that a new trial should have been granted on the ground of surprise and newly-discovered evidence.

This claimed, newly-discovered evidence, seems to have been exclusively confined to the Martin family, and one of the witnesses, the wife of the appellant, and it is quite apparent to us, that, with reasonable diligence, this evidence could have been procured at the trial of the cause in the court below. And if, by the use of reasonable diligence, the appellant might have obtained this newly-discovered evidence for the first trial, the court was right in refusing the motion for a new trial.

But for another reason the motion was properly overruled. The character of the newly-discovered evidence is cumulative merely. And it is well settled by authority, that a new trial will not be granted upon cumulative evidence merely, or upon evidence to impeach or contradict a witness.

But it is insisted that the appellant was surprised at the testimony of Reynolds, and, for that reason, a new trial should have been granted.

What we have said upon the question of reasonable diligence in the procuring of testimony to meet the issue in this cause is equally applicable to the question of surprise.

Due diligence must appear to have been used by the party complaining of surprise, and we think due diligence was not used in this case.

We are not able to see wherein the verdict is contrary to law and evidence. A new trial should only be granted when it is in furtherance of substantial justice, and the motion is addressed to the sound discretion of the court; and if, upon the whole case, justice has been done between the parties, and the verdict is substantially right, a new trial should not be granted.

It is claimed that the damages assessed were excessive.

The promise in the note is to pay a named sum, with *interest* at the rate of ten per cent per annum until paid. The guarantee is, *full payment* of the note, and we think the interest was properly added to the principal in the assessment of the damages.

But it is insisted that, as this note was executed in Wyoming Territory, the court must be governed as to the rate of interest by the law of that place; and there being no evidence showing that any rate of interest was allowable by the law of Wyoming, it was, therefore, error to allow interest.

It must be remembered that the rate of interest in this case was specified in the note, and the law presumes that the execution of the note was legally done until the contrary is made to appear, and, in the absence of evidence showing what the laws of Wyoming Territory were as to the rate of interest, it will be presumed that they were the same as our own.

The court was requested to give the following instruction to the jury: "That if the defendant guaranteed the payment of said note without the knowledge or request of the maker, J. T. Cornforth, and that he never received any consideration for such guaranty, then they must find for the defendant."

The court did not give the instruction in the exact language of the request, but instructed the jury as follows: "If you believe, from the evidence, that the defendant, at the request of the plaintiff, through its agent, guaranteed the payment of the note which was read in evidence, with-

out receiving any consideration therefor, then they must find for defendant."

The instruction given is substantially the same as that requested. If any thing, it is more favorable to the appellant, and he has no cause for complaint. We decline to consider the other instructions given by the court, for the reason that they are not brought before the court in the manner prescribed by a rule of this court.

The 12th rule of this court, adopted September 28, 1872, directs that  &#42;  &#42;  &#42;  &#42;  "When the error alleged is to the charge of the court, the part of the charge referred to shall be quoted *totidem verbis* in the specifications."  &#42;  &#42;

This rule is substantially the same as the 38th rule of the supreme court of the United States. Justice SWAYNE, in the case of *Johnston* v. *Jones*, 1 Black, 220, says: "It is well settled that if a series of propositions be embodied in instructions, and the instructions are excepted to in a mass, if any one of the propositions be correct, the exception must be overruled."

In this case the entire charge is embraced in a single assignment, and, therefore, will not be considered by this court. See *Wescott* v. *Bock*, decided at the last term of this court, and *Hoyt* v. *Macon*, at this term.

The judgment of the district court is

*Affirmed.*