No. 10,689.

KELLY v. HELLER, ADMINISTRATOR.

Decided January 7, 1924. Rehearing denied February 4, 1924.

Proceeding involving the allowance of a claim against the estate of a deceased person. Claim disallowed.

*Affirmed.*

1. CONSTITUTIONAL LAW—*Foreign Judgments—Limitation.* The constitutional provision requiring full faith and credit to be given the judgments of other states is not violated by a statute imposing a reasonable period of limitation upon the bringing of suits on such judgments. A six year period of limitation is not unreasonable.

*On Petition for Rehearing.*

2. LIMITATIONS—*Statutes.* Statutes of limitation are ordinarily regarded as pertaining to the remedy and hence are governed by the lex fori.

3. JUDGMENTS—*Limitations.* The statute of limitations to be applied is as a rule the statute of the state where suit is brought on the judgment, not that of the state where the judgment was rendered.

4. STATUTES—*Limitations—Retrospective.* The constitutional provision against retrospective laws does not generally apply to laws affecting remedies, including those which limit the time for the enforcement of an existing right.

*Error to the County Court of Pueblo County, Hon. Frank G. Mirick, Judge.*

Mr. JOHN F. KELLY, pro se.

Mr. F. L. TAYLOR, for defendant in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS writ of error was sued out to review a judgment of the county court of Pueblo county disallowing the claim

of plaintiff in error in the matter of the Estate of Peter H. Heller, deceased. The plaintiff in error has filed a paper denominated an application to stay distribution of the estate. This will be treated in the manner that applications for supersedeas are considered.

The claim of the plaintiff in error against the estate is founded on a judgment obtained by him against the decedent in the latter's lifetime in the Supreme Court of the District of Columbia in the year 1868. The trial court in the instant case disallowed the claim. There was no error in so doing. That being so, other questions become immaterial.

The administrator objected to the allowance of the claim on the ground that the statute of limitations had run against it. The objection was good on that ground. Chapter 171, S. L., 1921, provides that, "It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, * * * upon a judgment * * * rendered in any court without this state, more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state."

The plaintiff in error contends that this statute is void as being in violation of the full faith and credit clause of the federal Constitution. This contention must be overruled. In 23 Cyc. 1565, it is said: "The constitutional provision requiring 'full faith and credit' to be given to the judgments of other states is not violated by a statute imposing a reasonable period of limitation upon the bringing of suits on such judgments."

Our statute, prescribing a six year period of limitation, is reasonable. The Illinois statute, fixing a five year period, was held reasonable and constitutional in *Schemmel v. Cooksley*, 256 Ill. 412, 100 N. E. 141.

The application is denied, and the judgment is affirmed.

*On Petition for Rehearing.*

MR. JUSTICE ALLEN: It is suggested in the petition for rehearing that in the jurisdiction where the judgment was obtained the bar of the appropriate statute of limitation would be suspended because the judgment debtor had absconded therefrom. Assuming, on that suggestion, that the judgment is still valid, and may be sued on, in the District of Columbia, the fact remains that the judgment was rendered in that jurisdiction more than six years before it was sought to be enforced in Colorado. That fact alone defeats the plaintiff in error in his effort to enforce his claim in this state, by reason of our statute of limitation, cited in the opinion. Statutes of limitation are ordinarily regarded as pertaining to the remedy and hence are governed by the lex fori. 12 C. J. 485. The statute of limitations to be applied is as a rule the statute of the state where suit is brought on the judgment, not that of the state where the judgment was rendered. 23 Cyc. 1564. It is argued that our statute operates retrospectively. If so, that does not impair its validity, for the constitutional provision against retrospective laws does not generally apply to laws affecting remedies. Including those which limit the time for the enforcement of an existing right. 12 C. J. 1088. The petition for rehearing is denied.