# No. 17,036

## SMITH *v.* KENT OIL COMPANY.
(261 P. [2d] 149)

Decided August 3, 1953.　Rehearing denied September 14, 1953.

Mr. Isaac Mellman, Mr. Gerald N. Mellman, for plaintiff in error.

Mr. M. S. Ginsberg, for defendant in error.

*En Banc.*

Mr. Chief Justice Stone delivered the opinion of the court.

On February 18, 1946, Kent Oil Company brought action in this state against Joe Smith on a promissory note dated January 12, 1939, and payable on or before January 12, 1940, at Salina, Kansas. Both by motion to dismiss and by answer, defendant set up the statute of limitations. Upon trial of the case, plaintiff introduced evidence only that the note had been executed and delivered by defendant; that it was held by plaintiff company and that defendant had resided at Goodland, Kansas, but "had left there in 1942." Thereupon defendant again moved for dismissal, which was denied, and judgment entered in favor of plaintiff.

█ The statute of limitations is not ground for motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b), Colorado Rules of Civil Procedure, since under Rule 8(c) that is a defense which must be set forth affirmatively by answer. *Baker v. Sisk,* 1 Fed. Rules Decisions 232. Neither is it a basis for dismissal on motion on the ground that it appears from the complaint that the claim accrued more than six years before the commencement of the action in this state, for the reason that in the absence of an affirmative defense based on the statute such defense is waived, and the assertion or waiver of the defense can only be determined from the answer. Furthermore, even if pleaded, the running of the statute may have been tolled, and plaintiff in his complaint is not required to anticipate the defense.

■ The statute of limitations of any state is without extraterritorial effect, and limitations are governed by the law of the forum. *Hawse v. Burgmire,* 4 Colo. 313; *Lamb v. Powder River Live Stock Co.,* 132 Fed. 434, 65 C.C.A. 570, 67 L.R.A. 558.

■ "* * * the general rule is that in respect of the limitation of actions the law of the forum governs, regardless of where the cause of action arose, or of whether or not the action would be barred in the state in which it arose, and irrespective of the residence of the parties at the time the cause of action accrued." 53 C.J.S., p. 970, §27.

■ The applicable statutes of the forum appear in chapter 102, '35 C.S.A. Section 17, which provides in substance that an action shall not be maintained in this state on a claim arising in another state and barred by the laws thereof, is not here applicable for the reason that there is no plea nor proof of such bar by the laws of Kansas where this claim arose. In the absence of such showing, there is a presumption that the law of that jurisdiction is the same as the common law of Colorado, but no presumption that it is the same as our statute law. *Fern v. Crandell,* 79 Colo. 403, 246 Pac. 270; *Wolf v. Burke,* 18 Colo. 264, 32 Pac. 427; *Atchison, T. & S. F. Co. v. Betts,* 10 Colo. 431, 15 Pac. 821. Declarations in *Martin v. Hazzard Powder Co.,* 2 Colo. 596, so far as they conflict therewith, have been overruled by the holdings in these subsequent cases.

The remaining applicable statutes are: Section 1, the six-year statute; section 18, which provides that "It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, * * * more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state * * *," and section 27, which provides: "If, when a cause of action accrues against a person, he is out of the state * * *, the period limited for the commencement of

the action by any statute of limitations shall not begin to run until he comes into the state * * *."

▉ Section 18 does not provide that the fact that a cause of action accrued without the state more than six years before the commencement of the action shall ipso facto be a bar to the action in this state, but only that it shall be lawful to plead the same in bar of the action. Section 18 was adopted at the same legislative session with section 27, and the two should be construed together, as well as with section 1. While there is no opinion "of the court" in *Simon v. Wilnes*, 97 Colo. 78, 47 P. (2d) 406, since the majority concurred only in the affirmance of the judgment, it was there pleaded in the answer that the note sued on was made and delivered and the cause of action accrued thereon in Nebraska more than six years prior to the commencement of the action, yet judgment for plaintiff was there affirmed notwithstanding such plea, it being shown that while defendant subsequently came to this state more than six years prior to the suit, he did not thereafter remain here for periods totaling six years. Thereafter, in *Newton v. Mann*, 111 Colo. 76, 137 P. (2d) 776, in a similar situation, action on a note executed in Indiana and not shown to have been barred under its statute, was held not barred in Colorado although action thereon was commenced more than six years after maturity, where the maker had resided here less than six years prior to the commencement of the action. While not noted by counsel, the opinion on rehearing in *Kelly v. Heller*, 74 Colo. 470, 222 Pac. 648, appears to hold to the contrary and, if so, to that extent is overruled by the subsequent cases.

▉ Following these cases and those of other jurisdictions, we think the provisions of section 27 apply to causes accruing outside the state and that the statute of limitations as to such causes in Colorado begins to run only when the defendant comes into the state. See, Anno. 148 A.L.R. 732. The statute of limitations having been pleaded in bar and prima facie appearing to be a bar

from the note set out in the complaint, the burden shifted to plaintiff to establish that the statute had been tolled. There was no evidence as to date when defendant came to Colorado, but plaintiff submitted evidence that defendant resided in Goodland, Kansas, and that he left there in 1942. Whether or not he then came to Colorado or even left the state of Kansas does not appear. In any event, there was positive evidence that he continued in Kansas and did not become a resident of Colorado prior to 1942, which was less than six years prior to the commencement of the action in Colorado. Such evidence under section 27 was sufficient to show tolling of the statute.

The judgment is affirmed.