No. 19,120.

J. E. Blackmon *v.* Bernie Klein.

(357 P. [2d] 91)

Decided November 21, 1960.

Mr. Gerald A. Kay, for plaintiff in error.

Messrs. Mellman, Mellman & Thorn, for defendant in error.

*En Banc.*

Mr. Justice Hall delivered the opinion of the Court.

The parties are here in inverse order to their appearance in the trial court. We refer to them by name.

On June 30, 1948, Blackmon was indebted to Klein on an account that became due on that date. Both were then residents of Wyoming where the debt was incurred and became due.

On November 29, 1948, Klein procured a judgment on the above account in a Wyoming court of record. During July 1950, Blackmon moved to and established his residence in Colorado, and was there residing on January 13, 1955, the date Klein instituted the present action in the Denver District Court, the purpose of which was to reduce the Wyoming judgment to a Colorado judgment.

By answer the defendant alleged payment, laches and the statute of limitations.

The trial court found there had been no payment and from the undisputed facts concluded that the action was not barred by the statute of limitations and entered judgment in favor of Klein and against Blackmon, who is here by writ of error seeking reversal.

The finding of the trial court that the Wyoming judgment had not been paid is amply supported by the evidence.

Blackmon contends that CRS '53, 87-1-22, is controlling in that the present action is predicated on a Wyoming judgment entered six years, one month and thirteen days prior to the filing of this action in Colorado. The first portion of this section provides:

*"Causes accruing outside of state.* — It shall be lawful for any person against whom an action shall be commenced in any court of this state, wherein the cause of action accrued without this state, upon a contract or agreement expressed or implied, or upon a sealed intrument in writing, or upon a judgment or decree rendered in any court without this state, more than six years before the commencement of the action in this state, to plead the same in bar of the action in this state; * * * "

The foregoing constitutes a bar to the present ac-

tion, unless it is shown that Blackmon was out of the state of Colorado prior to July 1950, which would bring him squarely within the provisions of CRS '53, 87-1-30, which provides:

"*Absence or concealment of debtor.* — If, when a cause of action accrues against a person, he is out of the state or has absconded or concealed himself, the period limited for the commencement of the action by any statute of limitations shall not begin to run until he comes into the state or while he is so absconded or concealed. If, after the cause of action accrues, he depart from the state or abscond or conceal himself, the time of his absence or concealment shall not be computed as a part of the period within which the action must be brought."

Blackmon came to Colorado in July 1950, and his absence tolled the statute until he came into the state, less than six years prior to the commencement of this action. The trial court correctly held that 87-1-22 does not constitute a bar to this action.

In *Smith v. Oil Co.,* 128 Colo. 80, 261 P. (2d) 149, we held that the above sections, both adopted by the Twenty-third General Assembly, should be construed together. And so construed and applied this action is not barred by the statute of limitations.

Counsel have devoted much of their briefs and argument to the effect and meaning of the portion of CRS '53, 87-1-22, immediately following the portion above set forth. This portion is as follows:

" * * * provided, that if said judgment or decree rendered without the state be based upon a cause of action which had accrued more than six years prior to the commencement of the action on such judgment or decree in this state, and the said judgment or decree had been rendered without this state more than three months prior to the bringing of such action thereon in this state, it shall be lawful for any person against

whom any action on such judgment or decree shall be brought to plead the same in bar thereof."

This case falls squarely within the above proviso of the statute. The present suit is based on a cause of action, reduced to judgment in Wyoming, which accrued more than six years prior to the filing of the Colorado action, and was brought more than three months after entry of the Wyoming judgment. Consequently it was:

" * * * lawful for any [Blackmon] [the] person against whom any [the] action on such judgment or decree shall be brought to plead the same in bar thereof."

Such plea would constitute a complete defense to Klein's action, except for the provisions of 87-1-30 which served to toll the running of the statute until Blackmon came to Colorado in July 1950. Measuring Blackmon's defense by CRS '53, 87-1-22 and 87-1-30, we find that Klein's rights to maintain his suit remain unimpaired.

Finding no error in the record the judgment is affirmed.