**William VANDEVENTER,
Plaintiff-Appellant,**

v.

**FOUR CORNERS ELECTRIC COMPANY, INC., Defendant-Appellee.**

**No. 80–1039.**

United States Court of Appeals,
Tenth Circuit.

Submitted May 11, 1981.

Decided Nov. 4, 1981.

Richard N. Stuckey of Keene, Munsinger & Stuckey, Denver, Colo., for plaintiff-appellant.

Thomas H. Barrows and Mary A. Wells of Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., for defendant-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

The plaintiff in this action is a citizen of Wyoming temporarily residing in New Mexico where he works for Continental Oil Company, a Wyoming company. Continental leased an automobile in New Mexico for plaintiff's use in commuting from New Mexico to one of Continental's Utah oil fields reached in part over Colorado highways. The defendant is a New Mexico company which had a contract with Conti-

nental to work in Continental's oil field. To carry out that contract, defendant sent one of its New Mexico employees, Harold E. Schaefer, Jr., daily from his home in New Mexico to the Utah job site. On one trip back to New Mexico from the Utah job site, plaintiff and Mr. Schaefer traveled together in the car supplied to plaintiff by his employer. Through some arrangement between plaintiff and Mr. Schaefer, the details of which are disputed,[1] Mr. Schaefer drove because plaintiff was too tired. While passing through Colorado, the car went off the road. Plaintiff was sleeping at the time. The reason for the accident is unknown. Mr. Schaefer was killed and plaintiff was injured. Plaintiff brought this diversity action in Colorado seeking to recover actual and punitive damages from defendant, Mr. Schaefer's employer. Plaintiff's apparent theory is that defendant was responsible for Mr. Schaefer's alleged negligence on the basis of respondeat superior.

Defendant moved for partial summary judgment on the issue of punitive damages. At that stage defendant argued that Colorado law applied, barring punitive damages. Plaintiff filed no responsive pleading. The trial court was compelled to determine which of the many involved states' laws would govern resolution of the issue. The court's analysis of appropriate conflict of laws principles led it to disagree with defendant. The court concluded that the law of New Mexico, which allows punitive damages, should govern. This determination was based on the conclusion that New Mexico had the greatest interest in the application of its rules of recovery. Thereafter, the alert defendant, having lost his first motion, joined the court's decision and urged that its effect was to make the three-year New Mexico statute of limitations, rather than the six-year Colorado statute, the applicable rule of recovery. Since the action was brought more than three years after the accident, defendant moved this time for full summary judgment. The court consistently agreed. A statute of limitations is quintessentially a rule of recovery. Our sole task on appeal is to determine whether, in the often inscrutable area of conflict of laws, the trial court chose to apply the laws of the legally correct state.

In a diversity action, a federal district court must apply the substantive law of the state in which it sits, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Volis v. Puritan Life Insurance Co.,* 548 F.2d 895, 901 (10th Cir. 1977), including principles regarding choice of law. *Day & Zimmermann, Inc. v. Challoner,* 423 U.S. 3, 4–5, 96 S.Ct. 167, 168, 46 L.Ed.2d 3 (1975); *Klaxon Co. v. Stento Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Pound v. Insurance Co. of North America,* 439 F.2d 1059, 1062 (10th Cir. 1971). In the instant case, the trial court properly applied Colorado's choice of law principles.

The traditional rule is that the law of the state where the case is filed governs the limitation of actions, regardless of where the cause of action arose, whether or not the action would be barred in the state in which it arose. *Smith v. Kent Oil Co.,* 128 Colo. 80, 261 P.2d 149 (1953). Colorado, however, does not follow the traditional rule but has enacted a borrowing statute to govern cases of conflict. It provides:

> If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state.

Colo.Rev.Stat. § 13–80–118 (1973).[2]

Colorado has abandoned the traditional choice of law rule which holds that an ac-

---

1. Plaintiff's position is that Schaefer volunteered to drive him back to Farmington; defendant alleges that plaintiff requested that Schaefer do so. Resolution of this factual dispute is not material to disposition of this case.

2. Colo.Stat.Ann. Ch. 102 § 17 (1935), a predecessor of the current statute, was discussed but not applied in *Smith* because there was no plea nor proof of a bar to the action in the state in which the action arose. 128 Colo. at 82–83, 261 P.2d at 151.

tion arises in the state where the wrong occurred and, accordingly, requires application of that state's law. Colorado instead has adopted the general rule, as set forth in Restatement (Second) of Conflict of Laws, § 145 (1969), of applying the law of the state with the most significant relationship with the occurrence and the parties. *First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973). Section 145 provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Section 6 lists the following as factors relevant to choosing the applicable rule of law:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

In *Rostek*, the Colorado Supreme Court formulated specific rules for resolving choice of law problems involving guest statutes and, in the course of its opinion, announced adoption of these Restatement principles to govern choice of law in other multi-state tort controversies, until the court should be required to lay down more specific choice of law rules in these other areas, just as it had done in the area of guest statutes. In *Rostek*, the place of domicile of the parties and registration of the vehicle was considered more significant with respect to this issue than the fortuitous occurrence of an accident in a particular state.

In *Sabell v. Pacific Intermountain Express Co.*, 36 Colo.App. 60, 536 P.2d 1160 (1975), the Colorado Court of Appeals followed *Rostek* in applying the Restatement's most significant relationship principles to resolve choice of law problems in the areas of standard of conduct and relative negligence. Under Restatement conflict analysis, the court evaluates the relevant contacts in the case according to their relative importance with respect to a particular issue and determines which state's interests are best served by applying its rule of law to resolution of that particular issue. The *Sabell* court held that, as a general principle, in a multi-state tort controversy, the place where an injury occurred and the place where the conduct causing the injury occurred were of primary importance in a determination of the law regulating standard of conduct in negligence cases. Therefore, the law of the place of wrong would supply *rules of conduct* (*i. e.*, whether certain conduct constitutes negligence in the first instance). However, the court said:

[t]he manner in which one citizen may seek redress from another and the rules under which such disputes are resolved are evolved by a state to aid in the resolution of private differences between its citizens or its citizens and those of other states. The relationship the parties have with a particular state has the greatest effect upon which of such *rules of recovery* should apply. (emphasis added)

536 P.2d at 1165. Accordingly, the court held that its specific approach to applying the choice of law rule of § 145 would be:

> that the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship, if any, between the parties is centered, are to be weighted more heavily and are to be given more importance in [determining which place would supply the rules of recovery], than the contacts of the place where the injury occurred, and the place where the conduct causing the injury occurred.

536 P.2d at 1166.

■ In the instant case, as the trial court noted, the plaintiff and the defendant's employee (Mr. Schaefer) were residing in New Mexico at the time of the accident; defendant is a New Mexico corporation which entered its contractual relationship with Mr. Schaefer in New Mexico; and the vehicle involved in the accident was leased from a rental agency in that state. Colorado is connected to the case as the place where the accident occurred and the action was filed. The trial court was compelled to evaluate these contacts with respect to determining which state's statute of limitations should apply. The analysis necessarily includes consideration of a state's interests in the resolution of the particular issue. A statute of limitations is, of course, a rule of recovery. Nearly all the contacts in the case relevant to choosing a rule of recovery were in New Mexico. Of all contacts in the case which must be weighed, we agree with the trial court that the one which tips the balance is the relationship between Mr. Schaefer and defendant. New Mexico has an important interest in the determination of how long its citizen, the defendant, will be exposed to liability for the acts of its employee, Mr. Schaefer. Colorado has no equivalent interest because neither of the parties is its citizen. Under these pleadings, defendant, which itself did nothing in Colorado, is liable, if at all, because of its contract with Mr. Schaefer, which was entered into in New Mexico. The totality of the facts in this case clearly supports the trial court's decision to follow New Mexico law in choosing rules of recovery. Moreover, the trial court's determination, by conflict analysis, that this case arose in New Mexico, compelled the same result under the provisions of Colorado's borrowing statute. Colo.Rev.Stat. § 13–80–118 (1973). Under the provisions of that statute, the action could not be maintained in Colorado, since it was barred by the relevant New Mexico statute of limitations.

AFFIRMED.