**Gardner KENDALL and Margaret Kendall, Plaintiffs-Appellees,**

v.

**Joseph COSTA, Defendant-Appellant.**

No. 82CA0193.

Colorado Court of Appeals,
Div. I.

Nov. 18, 1982.

Rehearing Denied Dec. 16, 1982.

Victor M. Zerbi, Jr., Glenwood Springs, for plaintiffs-appellees.

Philip A. Klein, Denver, for defendant-appellant.

COYTE, Judge.

Defendant appeals from the refusal of the trial court to set aside the entry of a judgment entered in California on October 15, 1974, as a foreign judgment filed in Colorado under the Uniform Enforcement of Judgments Act, and that in any event the enforcement of the judgment in Colorado is barred. We affirm.

Defendant contends on appeal that the California judgment is void, for the reason that he did not receive notice that his counsel of record had withdrawn from the case and that he received no notice of the trial date. He further asserts that the judgment should be set aside under the C.R.C.P. 60(b) motion which he filed in the Colorado court. We disagree.

The trial court concluded:

"[T]hat Defendant had adequate notice of the trial in California, having been present in Court *after* the entry of the order allowing his attorney to withdraw and the original trial date of April 24, 1974, having been set *before* his attorney withdrew. Through his personal participation in the settlement conference on July 1, 1974, Defendant had ample opportunity to be familiar with the status of the case and participate in the trial on the merits, and the judgment therefore is not void.

"8. Through attendance at the debtor's inquiry in August, 1975, Defendant had notice in fact that a judgment had entered and therefore had an opportunity to move to set it aside in California."

■ The findings on which these conclusions are based are supported by the evidence introduced in this case and thus binding on appeal. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970). Accordingly, the trial court did not err in refusing to set aside the judgment.

■ Defendant also asserts, that, contrary to the trial court ruling, his pleading of § 13–80–119, C.R.S.1973 (1981 Cum. Supp.) should have operated to bar the enforcement of the California judgment. We disagree.

Section 13–80–119, C.R.S.1973 (1982 Cum. Supp.) provides as follows:

"It is lawful for any person against whom an action is commenced in any court of this state, wherein the cause of action accrued without this state, upon a con-

tract or agreement expressed or implied, or upon a sealed instrument in writing, or upon a judgment or decree rendered in any court without this state more than six years before the commencement of the action in this state to plead the same in bar of the action in this state."

*Blackmon v. Klein,* 144 Colo. 461, 357 P.2d 91 (1960) is dispositive of this contention. There, it was ruled that the statutory predecessor of § 13–80–119 could be invoked to bar an action on a foreign judgment but that C.R.S. '53, 87–1–30, tolled the running of the six-year period until the judgment debtor came to Colorado.

Here, it is undisputed that defendant moved to Colorado in September 1977, and plaintiffs' action was commenced in Colorado on August 14, 1981.

Defendant argues, however, that § 13–80–126, C.R.S.1973 (1981 Cum.Supp.) the successor to C.R.S. '53, 87–1–30 has been amended so that the statute of limitations is tolled only where the debtor has concealed himself or is outside of the United States, rather than just outside of Colorado. But this amendment became effective on May 27, 1976, and this amendment of the statute would have no retroactive effect. *Valenzuela v. Mercy Hospital,* 34 Colo.App. 5, 521 P.2d 1287 (1974). Thus, the time for bringing this action in Colorado would have begun to run in September 1977. Accordingly, *Blackmon v. Klein, supra,* controls, and hence, the trial court properly entered judgment against defendant on the California judgment.

Judgment affirmed.

PIERCE and KELLY, JJ., concur.