**HUNTER TECHNOLOGY, INC., a California corporation, Plaintiff-Appellant,**

v.

**Lawrence SCOTT, Defendant-Appellee.**

**No. 84CA0488.**

Colorado Court of Appeals, Div. II.

April 25, 1985.

Warren & Marek, Bruce W. Warren, Niwot, for plaintiff-appellant.

Grant, Bernard & Lyons, Marc R. Carlson, Longmont, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Hunter Technology, Inc. (the creditor), appeals the dismissal of a Colorado judgment against defendant, Lawrence Scott (the debtor), obtained by filing a California judgment pursuant to the Uniform Enforcement of Foreign Judgments Act, § 13–53–101 et seq., C.R.S. (the Uniform Act). We reverse.

In February 1975, the creditor obtained a judgment in California against the debtor. On April 25, 1983, in accordance with the Uniform Act, an authenticated copy of the judgment was filed by the creditor with the clerk of the Boulder county district court

and the debtor was duly notified of the filing.

On December 16, 1983, the debtor filed an "answer and affidavit." He made no claim that the judgment was invalid in California or that it was not entitled to full faith and credit in Colorado. He asked for the Colorado judgment to be vacated and dismissed on the sole ground that it was barred by the six-year statute of limitations applicable to actions on foreign judgments, § 13–80–119, C.R.S. (1984 Cum.Supp.). The trial court agreed with the debtor and granted the relief sought. The propriety of that ruling is the main issue on this appeal.

Prior to 1969, when a creditor sought enforcement of a foreign judgment in Colorado, the only course available to him was to institute a separate lawsuit on that judgment, with full procedural requirements applying to the second action. In 1969, Colorado adopted the 1964 revised version of the Uniform Act. Section 13–53–107, C.R.S., of the Uniform Act retains, as an "optional procedure," this former "right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this article." However, § 13–53–103, C.R.S., of the Uniform Act provides a new summary proceeding whereby:

"A copy of any foreign judgment ... may be filed in the office of the clerk of [a] court of this state.... A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of the court of this state in which filed and may be enforced or satisfied in like manner."

Under this provision, the act of filing and notice to the debtor makes the foreign judgment the same as a Colorado judgment for all purposes.

The trial court held that enforcement of the Colorado judgment obtained pursuant to the Uniform Act was barred by § 13–80–119, C.R.S. (1984 Cum.Supp.). That statute provides:

"It is lawful for any person against whom an action is commenced in any court of this state, wherein the cause of action accrued without this state, upon ... a judgment or decree rendered in any court without this state more than six years before the commencement of the action in this state to plead the same in bar of the action in this state."

■ This six-year limitation statute is an affirmative defense in a conventional lawsuit brought on a foreign judgment—the "optional procedure" referred to in § 13–53–107 of the Uniform Act. *Smith v. Kent Oil Co.*, 128 Colo. 80, 261 P.2d 149 (1953). However, the filing procedure under the Uniform Act is not "an action" within the meaning of § 13–80–119. Instead, the Uniform Act provides "a viable alternative to the traditional method of enforcing foreign judgments by a separate lawsuit.... The [Uniform] Act does not involve the institution of an action to enforce the judgment; it requires, to give the foreign judgment immediate legally enforceable consequences, only that it be filed in accordance with its provisions." *Producers Grain Corp. v. Carroll*, 546 P.2d 285 (Okla.App.1976). The Uniform Act has no time deadlines for filing.

The debtor's reliance on *Kendall v. Costa*, 659 P.2d 715 (Colo.App.1982) is misplaced. In *Kendall*, the court was not confronted with the issues whether the six-year limitation statute applied to a filing under the Uniform Act or whether such a filing is an "action" within the meaning of the statute. The issue decided in *Kendall* was whether the limitation period was tolled because the debtor was absent from the state.

■ In view of our ruling that the six-year statute is not applicable to filings under the Uniform Act, we do not address the other contention of the creditor that the debtor failed to raise the defense within a reasonable time and, therefore, waived it.

The judgment of dismissal is reversed and the cause is remanded for reinstatement of the judgment against the debtor.

BERMAN and KELLY, JJ., concur.