CRAIG, Plaintiff-Appellant, v. SPITZER MOTORS OF COLUMBUS, INC. et, Defendants-Appellees.

Ohio Appeals, Tenth District, Franklin County.

No. 6016. Decided May 26, 1959.

William F. Brown, Columbus, for plaintiff-appellant.

Crabbe, Garek & Sillman, Justin L. Sillman, of Counsel, Columbus, for defendants-appellees.

(SKEEL, J, of the Eighth District, sitting by designation in the Tenth District.)

## OPINION

By SKEEL, J.

This appeal comes to this court from a judgment entered for the defendants by the Court of Common Pleas of Franklin County. The judgment was entered after the court had granted defendant's motion to strike certain allegations from plaintiff's third amended petition The plaintiff not desiring to plead further, the court dismissed his petition without trial on the merits and entered judgment for defendant

The plaintiff filed his third amended petition seeking damages (both compensatory and punitive) for an alleged breach of warranty, which warranty, it is claimed by the plaintiff was the inducement for entering into the contract with the defendant, Spitzer Motors of Columbus, whereby he agreed to and did purchase a 1957 Dodge automobile. It is alleged that the defendant represented that the Dodge automobile had been used as a demonstrator by one of its salesmen who left his employment after driving the automobile only fifty one miles. It is further alleged that such statements were untrue and that the defendant knew they were false and that they were made purposely to deceive the plaintiff and to induce him to purchase said automobile, that the plaintiff, relying on the representations of the defendant, did purchase said automobile to his damage. The plaintiff alleges that in truth and fact, the defendant sold the automobile to one John Speelman on June 27, 1957, who used said automobile to pull a house trailer, and said automobile was repossessed in the State of Florida by the Commercial Credit Corporation on October 9, 1957. Plaintiff alleges that the automobile would have been worth $3400.00 if it had been as represented, whereas, in fact, its value, when delivered to the plaintiff, was only $1800.00.

Following the allegations in plaintiff's third amended petition that the defendant knowingly and purposely misrepresented the facts about the Dodge automobile for the purpose of defrauding him and that plaintiff acted upon defendant's representations, believing them to be true and was thereby defrauded, the third amended petition then recites:

"Further plaintiff says that the defendants are guilty of gross and malicious fraud and their wilful and malicious acts show a reckless indifference to the rights and safety of other persons and that he is entitled to punitive damages * * *."

The defendant's motion to strike the above quoted paragraph from the third amended petition was granted by the court, the court saying in a memorandum opinion, filed with the papers in the case, on August 8, 1958: "* * * and as before decided by this court, no facts are pleaded entitling plaintiff to punitive damages." The statement "as before decided by this court" referred to an earlier ruling on motions of the defendant seeking to strike totally different allegations from the original petition, the amended petition and the second amended petition.. The ruling for the defendant on its motion to the original petition was one seeking to compel the plaintiff to elect on which of two alleged inconsistent causes of action the plaintiff would proceed. The ruling was as follows:

"Plaintiff must elect and file an amended petition accordingly. If plaintiff rescinds he may, under §1315.70 R. C., return the car, or offer to do so, and collect back the price already paid, including the amount he received from and was charged by Commercial Credit Corporation. * * * On the other hand, he may affirm the contract, and keep the car, and sue in law for fraud. He cannot maintain the two inconsistent causes of action."

The motions to the amended petition and second amended petition, in which the allegations were quite similar, set out the delivery of a Chevrolet to the defendant, and one hundred dollars in cash, the balance of the purchase price being paid by a loan from the Commercial Credit Company, and alleging that the cost of the Dodge, as delivered, was $4255.00, whereas in truth and fact, the value of said delivered automobile was not $4255.00, but was of the value of $1800.00, all to plaintiff's damage in the sum of $2750.00. This part of the second amended petition set out in the motion was taken out of context and when the part of the petition which precedes it is considered, a charge of wilful fraud in the inducement was clearly set out. The ruling on the motion to strike language from the second amended petition was as follows:

"Plaintiff has waived the remedy of rescission and has elected to affirm the sale and sue for fraud. The measure of damages would be the difference between the value of the automobile if it had been a demonstrator, as represented, and the value of the automobile which plaintiff received. See **Elder v. Shoffstall, 90 Oh St 265, Syllabus 3.** Other allegations are immaterial, improper and irrelevant to the issues of the case."

The foregoing history shows that the questions presented by the motion to the third amended petition were not the same and had not been previously decided.

The ruling of the court, striking the allegations from the third amended petition, as outlined, had the effect of confining the plaintiff to a presentation of his claim for compensatory damages. The plaintiff, not desiring to plead further, suffered judgment to be entered for the defendant. It is clear that the successive rulings, granting defendant's motions to each of the plaintiff's four petitions, whereby his claim for punitive damages was said to be inconsistent or not to be maintained where compensatory damages are claimed, had the legal effect of denying him the right to seek such damages in this action even though facts were pleaded which justified such claim with a claim for compensatory damages. If, therefore, he proceeds to trial on the merits, on the allegations remaining in his third amended petition after the motion was granted, he would be forever foreclosed from seeking punitive damages. The plaintiff claims the following errors:

"1. The granting of branch three of the motion of July 23, 1958, of defendants-appellees, for an order requiring plaintiff-appellant to strike allegations of punitive damages is contrary to law.

"2. The Court committed error in holding that the Third Amended Petition of plaintiff-appellant shows no facts to show any right to punitive damages.

"3. The Court abused its discretion in sustaining the motion of defendants-appellees.

"4. By so ruling the Court has precluded plaintiff-appellant remedy for defendant-appellees' alleged fraud and deceit, the Court has changed plaintiff-appellant's cause of action from one of fraud and deceit to an action in contract and in so doing, the Court has materially prejudiced the plaintiff-appellant's substantial rights."

The right of a purchaser of personal property to seek in one action both compensatory and punitive damages, particularly in an action founded in tort, cannot be questioned. The obligation of an express warranty is one imposed by law and the action for its breach was originally considered to be in tort. (Williston on Sales, paragraph 197, Single Volume 1909.) Although there is some authority to the contrary, there is responsible authority that such damages may be recovered in an action ex contractu.

In **16 O. Jur. (2d), paragraph 146, page 283,** it is said:

"Breach of Contract. As a general rule, damages for breach of a contract are limited to the pecuniary loss sustained, and exemplary damages are not recoverable. In practically all kinds of contract violations, the courts in Ohio have sought to compensate the injured party, not to reward him. This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, wilful tort, in which event exemplary damages may be recovered under proper allegations of malice. wantonness, or oppression—as, for example, in actions for breach of promise of marriage. It is true, also that if the breach involves an infraction of a duty imposed by law, it may be thus punished. Thus, railroad companies or street railroad companies are frequently held liable in punitive damages for the wrongful expulsion of passengers when attended with malice, insult, and the like."

The case of **Smithhisler v. Dutter, 157 Oh St 454,** 105 N. E. (2d), 868, cited by the defendant, does not question the right to claim both compensatory and punitive damages in a single action nor did the Supreme Court suggest that under proper pleadings both compensatory and punitive damages might not be recovered in a single tort action. The only question presented in the Smithhisler case was whether or not the court correctly charged the jury on the elements necessary to entitle the plaintiff to an award of punitive damages.

In the case of **Saberton v. Greenwald's Jewelry Co., 146 Oh St 414,** 66 N. E. (2d) 224, the action was one for breach of warranty in which both compensatory and punitive damages were included in the prayer of plaintiff's petition. The trial court refused to submit that question to the jury. The Supreme Court, in reversing this ruling of the Court of Common Pleas, said:

"1. Sec. 8453 GC, permits and §8449 GC, does not forbid an action ex delicto against the seller where a sale of merchandise has been induced by fraud or misrepresentation.

"2. In an action to recover damages for a tort which involves the ingredients of fraud, malice or insult, a jury may go beyond the rule of mere compensation to the party aggrieved and award exemplary or punitive damages."

This conclusion is supported in the case of **Richard v. Hunter, 151 Oh St 185,** 85 N. E. (2d) 109, where the jury found that the plaintiff did not suffer compensatory damages in an action for trespass. The Supreme Court held:

"1. Exemplary or punitive damages may not be awarded in the absence of proof of actual damages.

"2. In an action for trespass upon land, a verdict returned by the jury, expressly denying the recovery of compensatory damages, is an affirmative finding that no actual damages were established.

"3. In such action, a verdict for the plaintiff, wherein the jury assessed 'the amount due to the plaintiff from the defendants * * * at the sum of none dollars, for compensatory damages; and * * * at the sum of two hundred dollars for punitive damages,' is defective and will not authorize a judgment in favor of the plaintiff."

The Sales Act (§1315.70 R. C.), in dealing with the action available for breach of warranty in a sales transaction, provides that a buyer has the right to waive a rescission of the sales contract upon breach of warranty, keep the goods and seek damages for the breach. The measure of damages is, as set out in this section, the difference between the value of the goods received and the value they would have had had the goods been as represented. This rule, however, does not exclude the right to punitive damages as well as compensatory damages if the facts justify such result. Sec. 1315.71 R. C., provides:

"Secs. 1315.01 to 1315.76 inclusive, R. C., do not affect the right of a buyer or a seller to recover interest or special damages in any case where interest or special damages may be recoverable, or to recover money paid when the consideration for the payment of it has failed."

See also §1315.74 R. C.

The ruling of the trial court on defendant's motion to strike the first full paragraph on page two of plaintiff's third amended petition does not meet the claims of the defendants who allege the allegations to be inflammatory and conclusions of law, not statements of fact. The court's ruling, as above set out, was that no facts were alleged to support a claim for punitive damages. Both the claims of the defendant and the ruling of the court are in error. It is not for the defendant to choose the words plaintiff must use in charging him with fraud and deceit. The allegations state facts, which if contained in an affidavit or indictment in a criminal action for obtaining property by false pretenses or larceny by trick, would be sufficient to sustain such charge. The necessary elements to sustain a claim for punitive damages, as well as compensatory damages, are sufficiently pleaded to require the defendant to answer and meet the issues by evidence.

The judgment of the Court of Common Pleas is, therefore, reversed and the cause is remanded with instructions to overrule such motion and for further proceedings.

BRYANT, PJ, DUFFY, J, concur.