KIRK ET AL. *v.* SAFECO INSURANCE CO. OF AMERICA.

(No. 234529—Decided November 10, 1970.)

Common Pleas Court of Franklin County.

*Mr. Nelson Lancione*, for plaintiffs.
*Mr. Thomas E. Palmer*, for defendant.

WILLIAMS, J. This matter was tried to the court, a jury having been waived by all parties. The case involves an alleged breach of an insurance contract commonly known as a "Homeowner's Policy." It was agreed that the plaintiffs were insured by the defendant and that the policy does cover unscheduled personal property by reason of theft within certain limitations specifically set forth in the terms of the policy.

Succinctly stated, two questions were presented to the court for determination as follows:

1. What losses, if any, were sustained by the plaintiffs?

2. Were the actions of the defendant such as to be a breach of contract amounting to a wilful, wanton and malicious tort?

With reference to the actual losses of property, it is the finding of the court that all the items listed in plaintiff's exhibit 2 (A through F) were lost as a result of a theft occurring at the home of the plaintiffs during the evening and night hours of March 30, 1968.

All of the testimony presented substantiated the losses incurred. Even the defendant's expert witness, Charles Laisure, testified that two men could do a good job of moving the property out in three hours and could have done it in one and one-half hours if it were "just throwed in." The time of the theft was clearly established as between the hours of 6:30 p. m. and 11:30 p. m., a period of *four* hours and well within the limitations indicated by Laisure.

The measure of damages for the loss of household effects and used wearing apparel generally is the value of its use to the owner who suffers from its deprivation and such value is not what a second-hand dealer would pay or what it would bring at a forced sale.

In determining the value of such property, the insured may give testimony which was based on prices procured from furniture stores on articles exactly like those lost. *American General Ins. Co.* v. *Bell,* 116 S. W. 2d 877 (Texas).

Plaintiffs in this case did an unusually thorough job in ascertaining their losses and determining replacement prices for new articles of like kind. However, the court has some difficulty in finding that many items, such as certain tools used years ago at North American Aviation and virtually untouched since, were of full value of their use to plaintiffs at the time of the loss. The same problem arises to a lesser degree with all the property listed. The court, therefore, is simply going to set the value of all items, based on all the testimony, at 75%, which in round figures totals $4,350.00. The policy limits the loss to cash to $100.-00, making a total loss in the amount of $4,450.00,

Turning now to the second question, the court must admit that prior to the trial it had serious doubts that such a breach of contract existed as to amount to a wilful, wanton and malicious tort. However, after listening to the testimony and reviewing the evidence and observing the actions and demeanor of the witness, George Downs, the defendant's claim representative, both on the stand and during the course of the trial, all doubts were removed.

The entire attitude of the defendant, through its local claims office, exhibits malice toward the plaintiffs. After supposedly "negotiating" with the plaintiffs for some time, a nasty letter, to describe it mildly, plaintiff's exhibit 4, was sent to the plaintiffs. A so-called offer of $1,000.00, with no reasonable basis whatsoever, can hardly be considered good faith on the part of the defendant The court points out very emphatically that the plaintiffs in this matter were insureds of the defendant, not third party claimants under a liability coverage. Even under liability coverages, the insurer must act in good faith to protect the interests of its insured. *Crisci* v. *Security Ins. Co.*, 426 P. 2d, 173 (California). Everything done by the defendant in this matter indicates that it had no intention whatsoever of honoring the claims of its insured, the plaintiffs, and acted with malice toward the plaintiffs from the moment it received notice of any loss.

Therefore, it is the finding of the court that the actions of the defendant were such as to be a breach of contract amounting to a wilful, wanton and malicious tort and fixes punitive damages in the sum of $1,550.00, together with reasonable attorney fees of $2,000.00.

The court, therefore, renders judgment in favor of plaintiffs and against defendant in the total amount of $8,000.00, together with costs.