ALI, APPELLEE, v. JEFFERSON INSURANCE CO., APPELLANT.

(No. WMS-81-21—Decided March 26, 1982.)

*Mr. Wayne E. Shaffer,* for appellee.
*Mr. Ralph W. Gallagher,* for appellant.

DOUGLAS, J. This cause comes before this court on appeal from judgment of the Williams County Court of Common Pleas.

On February 24, 1977, appellee, Nabeel Ali, was involved in a single vehicle accident. As a result of this accident, appellee's tractor and trailer were damaged.

Appellee notified his insurance carrier, Jefferson Insurance Company, appellant herein, of the accident. Appellant subsequently sent a claims adjuster to the garage to which appellee's tractor and trailer had been towed to inspect said tractor and trailer. After the inspection, the claims adjuster submitted to appellant an estimate of damages in the amount of $6,728.36 for repairs to the tractor and $266.77 for repairs to the trailer. Whereupon, appellant submitted a proof of loss to appellee in the amount of $6,228.36, both amounts having been subject to $500 deductible provisions under the terms of the policy.

After his release from the hospital, appellee also inspected the tractor and trailer at the garage. Believing the damage to be more extensive than estimated, appellee refused to accept the proof of loss. Further, appellee informed appellant that he did not believe that the garage to which the tractor and trailer had been towed was qualified to make the necessary repairs. The tractor and trailer were subsequently moved to an authorized service dealer by mutual agreement.

After the tractor and trailer had been moved, appellant sent the same claims adjuster to again inspect the tractor and trailer. Upon reinspection, the claims adjuster submitted to appellant an estimate in the amount of $13,056.78 for all damages. Appellant did not forward to appellee a revised proof of loss based upon the second estimate, but retained the services of another adjuster. Upon inspection, said adjuster submitted an estimate in the amount of $8,487.51 for repairs to the tractor and $1,274.12 for repairs to the trailer. On April 26, 1977, appellant submitted to appellee a revised proof of loss in the amount of $7,987.51 for repairs to the tractor and $744.12 for repairs to the trailer. Appellee did not accept or specifically reject this proof of loss.

During March and April 1977, appellee and his wife made numerous long-distance telephone calls to appellant and others involved in this matter, but no settlement was reached. On June 30, 1977, another estimate was submitted to appellant and, pursuant thereto, appellant submitted to appellee a second revised proof of loss in the amount of $10,100 for repairs to the tractor and $744.12 for repairs to the trailer.

Appellant was aware that the tractor and trailer were mortgaged and would be repossessed by Westinghouse Credit Corporation if payments were not made by July 19, 1977. On July 28, 1977, the tractor and trailer were repossessed by Westinghouse Credit Corporation. Westinghouse subsequently obtained a repossession title thereto.

On May 26, 1978, appellee filed a complaint in the Williams County Court of Common Pleas against appellant, seeking compensatory, consequential, and punitive damages and attorney's fees for losses sustained as a result of the accident and appellant's willful refusal to settle appellee's claim. After a trial to the court, judgment was entered in appellee's favor in the amount of $15,000 as compensatory damages, $17,500 as punitive damages, and $7,500 for attorney's fees. Appellant, thereafter, filed a motion for new trial, which motion was denied. Whereupon, appellant brought this appeal, presenting the following assignments of error:

"I.   The evidence fails to support the trial court's award of punitive damages.

"II.   The trial court's award of prejudgment interest on compensatory damages was improper and constitutes reversible error.

"III.   The trial court erred in awarding prejudgment interest on the award of punitive damages and attorney's fees.

"IV.   The trial court's award of attorney's fees is not supported by the evidence and, in any event, is excessive.

"V.   The trial court erred in awarding punitive damages and attorney's fees where there was no award of compensatory damages resulting from defendant's conduct."

In appellant's first assignment of error, appellant contends that the trial court erred in awarding appellee punitive damages for the reason that the evidence does not sustain a finding that appellant acted with actual malice.

As a general rule, punitive damages are not available in an action brought upon a contract. *Ironton Coke Corp.* v. *Oil Chemical & Atomic Workers Internatl. Union* (S.D. Ohio 1980), 491 F. Supp. 70. However, where the acts constituting the breach of contract also constitute a cause of action in tort, punitive damages may be recovered where the essentials of such an award are otherwise present. *Sweet* v. *Grange Mut. Cas. Co.* (1975), 50 Ohio App. 2d 401 [4 O.O.3d 399].

It is well-established in this state that punitive damages may be awarded in tort cases upon a showing of fraud, insult, or malice. *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178 [71 O.O.2d 174]. The Ohio Supreme Court defined "actual malice" in *Columbus Finance, supra,* at 183-184, as follows:

"Actual malice was defined in one punitive damages case as ' "that state of mind under which a person's conduct is characterized by hatred or ill will, a spirit of revenge, retaliation, or a determination to vent his feelings upon other persons." ' *Pickle* v. *Swinehart* [(1960), 170 Ohio St. 441 (11 O.O.2d 199)], *supra,* at 443 (quoting 35 Ohio Jurisprudence 2d 142, Malicious Prosecution, Section 22).

"Appellants assert in their sole proposition of law that 'intentional, reckless, wanton, wilful and gross acts which cause injury to person or property may be sufficient to evidence that degree of malice required to support an award of punitive damages in tort actions.' This broad statement is also correct; actual malice may be inferred from conduct and surrounding circumstances. *Davis* v. *Tunison* [(1959), 168 Ohio St. 471 (7 O.O.2d 296)], *supra.*"

Further, in *Sweet, supra,* the Ashland County Court of Appeals, considering the issue of whether punitive damages were available in a case involving the settlement of an insurance claim, held, at 406, as follows:

"We hold that the case at bar is governed by the rule of *Kirk* v. *Safeco Ins. Co.* (1970), 28 Ohio Misc. 44 [57 O.O.2d 49], where paragraph two of the syllabus states:

" 'Where the actions of an insurer under a "homeowner's policy" are such as to be a breach of contract amounting to a wilful, wanton, and malicious tort, such insurer may be assessed punitive damages.' "

Considering the foregoing, we find that where the conduct of an insurance company in failing to settle a claim of an insured is so unreasonable and oppressive as to constitute a willful breach of its obligations under the policy, actual malice is established and punitive damages may be awarded.

Our review of the record in the case *sub judice* reveals the following pertinent information: Appellant was aware of the importance to appellee, an independent owner-operator, of repairing the tractor and trailer as quickly as possible. Further, appellant was aware that the tractor and trailer were mortgaged and would be repossessed if payments on the mortgage were not made. Despite this knowledge, appellant took no steps to remedy the situation created by the claims adjusters sent to the service center to inspect the tractor and trailer which resulted in the service center ceasing work on the repairs to appellee's tractor and trailer.

Appellant had received information indicating that the necessary repairs greatly exceeded the original estimate. Appellant did not, however, substantially revise its proof of loss until it submitted the last proof of loss to appellee in July 1977. Appellee's tractor and trailer were repossessed by Westinghouse Credit Corporation shortly thereafter.

Considering the foregoing, we find that appellant, by virtue of its superior bargaining position, and with knowledge

of appellee's economic vulnerability, unreasonably delayed settling this case and acted in a manner so oppressive as to constitute a willful breach of its duty to perform its contractual obligations in good faith. We, therefore, find appellant's first assignment of error not well taken on the basis that the evidence did support a finding of actual malice which does lay part of the foundation for an award of punitive damages.

In appellant's second assignment of error, appellant contends that the trial court erred in awarding prejudgment interest on its award of compensatory damages for the reason that said damages were unliquidated. Appellant's use of the term "compensatory damages," in its brief, to describe both those damages attributable to the accident and those attributable to the delay in settling the claim arising from the accident tends to confuse the issue in this assignment of error. Upon considering appellant's argument, herein, we construe this assignment of error to be contesting the award of interest from February 24, 1977, upon the $15,000 awarded as compensation for the damage to appellee's tractor and trailer sustained as a result of the accident.

We find appellant's second assignment of error not well taken for the following reasons. We find that the claim could be considered liquidated in that the amount owed could be ascertained. Interest would, therefore, run from the date the claim became due and payable. See *Braverman* v. *Spriggs* (1980), 68 Ohio App. 2d 58 [22 O.O.3d 47]. Further, we find that appellant admitted in opening argument that it owed appellee payment upon the claim for damages to the tractor and trailer sustained as a result of the accident, and interest upon said amount from February 24, 1977.

In appellant's fifth assignment of error, appellant contends that the trial court erred in awarding punitive damages for the reason that appellee had not established that he had sustained any actual damage as a result of appellant's failure to settle appellee's claim.

It is well-established that punitive damages may not be recovered in the absence of proof of actual injury or damage. In order to recover punitive damages in a case such as this, where the action arises out of a contract, but is also based upon tortious conduct, actual damages attributable to the wrongful acts of the alleged tortfeasor must be shown in addition to those damages attributable solely to the breach of the contract. See *Davison Fuel & Dock Co.* v. *Pickands Mather & Co.* (1977), 54 Ohio App. 2d 177 [8 O.O.3d 324].

Our review of the record reveals that appellee did not establish that he sustained any actual damage as a result of appellant's failure to settle the claim nor did the trial court award appellee any amount in compensation for any such consequential damages. We, therefore, find appellant's fifth assignment of error well taken.

In appellant's fourth assignment of error, appellant contends that the trial court erred in awarding appellee attorney's fees.

We find appellant's fourth assignment of error well taken for the reason that attorney's fees are not recoverable in the absence of an award of punitive damages. See *Columbus Finance, supra,* at 183. Having determined that punitive damages were not properly awarded in this case, we find the award of attorney's fees improper as well.

In appellant's third assignment of error, appellant contends that the trial court erred in awarding prejudgment interest upon the awards of punitive damages and attorney's fees.

We find appellant's third assignment of error well taken for the reason that such awards, if proper, would have been unliquidated until the date of judgment and prejudgment interest would, therefore, not have been recoverable. See

*Braverman, supra.* Further, having determined that the awards of punitive damages and attorney's fees were improper, we find the award of prejudgment interest thereon void.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and judgment of the Williams County Court of Common Pleas is affirmed in part and reversed in part.

Coming now to enter the judgment which the trial court should have rendered, it is ordered, adjudged, and decreed that appellee is hereby awarded compensatory damages in the amount of $15,000 for the damages to the tractor and trailer, with interest from February 24, 1977. Further, the dismissal, with prejudice, of the cross-claim of Westinghouse Credit Corporation is affirmed.

This cause is remanded to said court for execution of the judgment rendered herein and for assessment of costs. Costs to be divided equally between the parties.

*Judgment affirmed in part and reversed in part.*

Connors, P.J., and Barber, J., concur.