**POWER MOTIVE CORPORATION, a Colorado Corporation, Plaintiff,**

v.

**MANNESMANN DEMAG CORPORATION, a Michigan corporation, Defendant.**

Civ. A. No. 85–K–13.

United States District Court,
D. Colorado.

Sept. 28, 1985.

Jim M. Hansen, Bradley, Campbell & Carney, Golden, Colo., for plaintiff.

Sheryl L. Anderson, Weller, Friedrich, Hickisch, Hazlitt & Ward, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiff Power Motive Corporation brings suit for damages against Mannesman Demag Corporation alleging breach of a distributorship agreement between the parties. Specifically, Power alleges that Demag wrongfully 1) terminated the par-

ties' agreement (Counts 1 through 6), 2) failed to repurchase Power's inventory upon termination (Counts 7 through 9), and 3) failed to support Power's sales efforts and by-passed Power with direct sales, (Counts 10 through 13). Power seeks compensatory and punitive damages for Demag's alleged breach as well as for Demag's alleged direct selling which Power contends constitutes tortious interference with prospective business advantages. Demag counterclaims for amounts allegedly owed them by Power. This court exercises jurisdiction of this case per 28 U.S.C. § 1332.

This matter is before me now on Demag's motion for judgment on the pleadings pursuant to F.R.C.P. 12(c). Demag seeks dismissal for failure to state a claim as to the portion of Power's complaint seeking punitive damages for the contract breach as set forth in Counts 1 and 3 through 12. Demag also seeks dismissal for failure to state a claim of the entirety of Count 2 where Power alleges that Demag's conduct constitutes a breach of fiduciary duties implied by the parties agreement.

A judgment on the pleadings is a drastic remedy and is only granted when the movant clearly establishes that no material issues of fact remain to be resolved and that he is entitled to judgment as a matter of law. *Wright and Miller, Federal Practice and Procedure § 1368. Southern Ohio Bank v. Merril Lynch*, 479 F.2d 478 (6th Cir.1973). Defendant's motion for judgment on the pleadings must be denied unless it appears to a certainty that plaintiffs are entitled to no relief under any state of facts that could be proved in support of its claim. *Brown v. Bullock*, 194 F.Supp. 207 (D.C.N.Y.1961), *affirmed, Brown v. Bullock*, 294 F.2d 415 (2nd Cir.1961). For purposes of the court's consideration of this motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. *National Metropolitan Bank v. U.S.*, 323 U.S. 454, 65 S.Ct. 354, 89 L.Ed. 383 (1944).

With due cognizance of the stringency of Demag's burden in this motion, and for the reasons set forth below, Demag's motion for judgment on the pleadings is granted.

## I. PUNITIVE DAMAGES

Demag asserts that Power's claim for punitive damages in Counts 1 and 3 through 12 should be dismissed as Ohio law precludes the award of punitive damages in contract actions. Power's initial response is that Colorado, not Ohio law applies for breach remedies. The threshold issue before me, then, is whether Colorado or Ohio law applies to the remedies in the present case.

### a. Choice of Laws

As this court is sitting in diversity, it is beyond cavil that Colorado choice of law principles must be applied in the present case. *Klaxon v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Vandeventer v. Four Corners*, 663 F.2d 1016 (10th Cir.1981).

Power characterizes the pertinent Colorado choice of law rule as follows:

> Questions relating to the construction of contracts, and their validity and effect, are controlled and determined by the law of the place where they are made; but questions affecting remedies upon them are governed by the law of the place where the suit is brought.

*Des Moines Life Assoc. v. Owen*, 10 Colo. App. 131, 134, 50 P. 210, 211, (1897).

The decision of *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369, (1979), however, effectively overrules *Des Moines*. In *Wood Bros.* the Colorado Supreme Court expressly adopted the *Restatement (Second) of Conflict of Laws* (1971) for contract actions. The *Restatement (Second)* asserts in § 207 *Measure of Recovery* that "The measure of recovery for a breach of contract is determined by the local law of the state selected by application of the rules of §§ 187–188." In turn, § 187 *Law of the State Chosen by the Parties* holds

that the forum state should apply the law chosen by the parties unless a) there is no reasonable basis for the parties choice or b) the application of the law chosen would be contrary to a fundamental policy of a state which has a materially greater interest in the issue.[1]

■ Power does not allege, nor is it manifest, that the parties contractual choice of forum is inappropriate. The selection of Ohio law is reasonable as Demag's principal place of business is in Ohio and Demag's performance took place there. Comment F to § 187 of the *Restatement (Second)*. *Pirkey v. Hospital Corporation of America*, 483 F.Supp. 770 (D.Colo.1980). Nor has it been asserted that the application of Ohio law would be in derogation of fundamental Colorado principles. *Pirkey* illustrates the extent to which the law chosen by the parties must be contrary to the forum state's fundamental principles before the chosen state law may be eschewed. In *Pirkey*, a breach of contract action, I applied Colorado remedies law rather than that chosen by the parties, Saudi Arabia. I did so because under Saudi law the measure of damages was to be determined by a special administrative board. The Saudi procedure may be characterized as an exclusive jurisdictional remedy. Given the nature of the Saudi procedure it "bec[a]me clear that the application of Saudi Arabian law on the issue of the measure of damages raise[d] problems of fundamental due process which [were] serious enough to require the application of Colorado law." *Id.* at 774. In the case at bar no fundamental Colorado principles or civil rights are in

jeopardy; any variance between Colorado and Ohio law is of insufficient magnitude to justify, as in *Pirkey*, the imposition of Colorado law. Accordingly, through the application of the *Restatement (Second)*, as required by *Wood Bros.*, I hold that Ohio law will govern this dispute in its entirety.

### b. Ohio Law Precludes Punitive Damages

■ Under Ohio law punitive damages are not recoverable in an action on a contract. *Ketcham v. Miller*, 104 Ohio St. 372, 136 N.E. 145 (1922); *Tibbs v. National Home Construction Corp.*, 52 Ohio App.2d 281, 369 N.E.2d 1218 (1977); *Saberton v. Greenwald*, 146 Ohio St. 414, 66 N.E.2d 224 (1946).

There are exceptions to this rule, none of which, however, are applicable. One exception is illustrated by the "insurance bad faith" cases. *Suver v. Personal Service Insurance Co.*, 11 Ohio St.3d 6, 462 N.E.2d 415 (1984); *Kirk v. Safeco Insurance Co.*, 28 Ohio Misc. 44, 273 N.E.2d 919 (1970). Numerous jurisdictions, including Ohio, have recognized that an insurer owes special legal duties to its insured primarily because of the great disparity of bargaining power and the adhesive qualities of most insurance contracts. The special duties of an insurer are enforced by tort liability, including possible punitive damages. *Battista v. Lebanon Trotting Association*, 538 F.2d 111 (6th Cir.1976—applying Ohio law.) The insurance bad faith cases, and the rationale they advance, are

---

**1.** *The Restatement (Second) of Conflict of Laws* (1971) at § 187, *Law of the State Chosen by the Parties*, states in its entirety as follows:

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a material greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188 would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

of no precedential value in the instant case as "the special considerations existing in a consumer-held insurance contract do not apply to an ordinary contract between businessmen." *Id.* at 118. See also *Tibbs,* 369 N.E.2d at 1225.

The allowance of punitive damages in "extraordinary" contracts has been extended to collective bargaining agreements in *Williams v. AMF Inc.,* 512 F.Supp. 1048 (S.D.Ohio W.D.1981); the position of labor being analogous to that of the insured in the insurance bad faith cases. No Ohio court, or federal court construing Ohio law, has determined any other types of contract, including franchise agreements, to merit the special considerations of an insurance or collective bargaining agreement.

There are a few Ohio cases where punitive damages were allowed, though the complaint sounded primarily in contract. *Craig v. Spitzer Motors,* 109 Ohio App. 376, 160 N.E.2d 537 (1959) and *Armstrong v. Feldhaus,* 87 Ohio App. 75, 93 N.E.2d 776 (1950). These cases, however, also contained separate distinct claims of tort damage, namely fraud and conversion, respectively, for which an award of punitive damages was appropriate. See also *Levin v. Nielsen,* 37 Ohio App.2d 29, 306 N.E.2d 173. (1973). "Simply characterizing an action as one "wilfully, wantonly, and maliciously" done adds nothing new to a cause essentially directed to securing relief for a breach of a contract." *Tibbs,* 369 N.E.2d at 1225. Such being the case, Power has not pleaded any facts, even assuming their truth, which would allow it to recover punitive damages. Demag's motion for judgment on the pleadings as to the claims for punitive damages in Counts 1 and 3 through 12 is granted.

## II. FIDUCIARY DUTIES

■ Demag also seeks dismissal of Power's Count 2 which asserts that Demag has breached a "fiduciary duty resulting from franchise agreement and franchise relationship." For the purposes of this motion I take as true Power's assertion that the parties' distributorship agreement creates a franchise relationship. My task, therefore, is solely to determine whether as a matter of Ohio law Power has alleged any facts, taken as true, which would entitle it to relief. I hold that, as a matter of Ohio law, a franchise relationship does not give rise to fiduciary duties between the parties.

■ Power has cited no Ohio cases where a franchise relationship creates fiduciary obligations. Power asks this court to alter existing Ohio law to encompass a distinct minority of cases which have held that a franchise agreement does create fiduciary obligations. I decline to do this because I can not in good faith conclude that an Ohio court would depart from Ohio precedent as suggested by Power. Further, it is not the role of a U.S. District Court, sitting in diversity and interpreting state common law, to effect a dramatic shift in state law. See *Bernhardt v. Polygraphic Co. of America, Inc.,* 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1955) and *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

*Bach v. Friden Calculating Machine Co., Inc.,* 155 F.2d 361 (C.A.6 1946), illustrates that while Ohio law protects the interests of a franchisee, it does not go so far as to imply fiduciary obligations in the franchisor. In *Bach* a long-standing franchise relationship was terminated by the franchisor after substantial expenditure by the franchisee. Bach's expenses were incurred in reliance upon the terms and implicit permanence of the franchise relationship. The franchisee initiated an injunction action seeking to restrain the franchisor from ending the relationship. The district court held that the agreement was terminable at will. On appeal, the Sixth Circuit held:

> The contract was not one terminable at the will of Friden. Certainly by its terms and all attendant circumstances, it was construed by both parties as having a large degree of permanence.... An agency or distributorship which necessitates perfecting an organization and investing capital, contemplates a measure

of continuity.... It might be concluded that in these circumstances it was not, in good conscience, reasonable to deprive them [franchisees] of the opportunity of reaping the benefits for a period of an expanding business era generally expected to follow the end of the war.

*Id.,* at 365.

*Bach* protects the "expectancy interest" of the franchisee by imposing upon the franchisor the obligation to act in good conscience. No Ohio court has treated a franchisee with any more protection. The reasonable expectations of a franchisee who, like Power, expends money and energy pursuant to the franchise agreement are protected by a franchisor's obligations now imposed by law, i.e., the Uniform Commercial Code's implied covenants of good faith (§ 1–203), commercial reasonableness (§ 2–103), and against unconscionable actions (§ 2–302). Claims based on these causes of action have been adequately pleaded by Power and are still before this court. I decline to extend these U.C.C. concepts to embody fiduciary duties in the absence of authority from the Ohio courts.

I note that my granting of Demag's motion for judgment on the pleadings as to Power's assertion regarding a franchisor's fiduciary duties is not only reflective of Ohio law, but also in accord with the vast majority of state and federal jurisdictions. See, e.g., *Murphy v. White Hen Pantry Co.,* 691 F.2d 350 (7th Cir.1982), *Mobil Oil Co. v Rubenfeld,* 48 A.D.2d 428, 370 N.Y. S.2d 943 (1975), *affirmed* 40 N.Y.S.2d 936, 390 N.Y.S.2d 57, 358 N.E.2d 882 (1976), *Bain v. Champlin Petroleum,* 692 F.2d 43 (8th Cir.1983) and *Picture Lake Campground v. Holiday Inns, Inc.,* 497 F.Supp. 858 (E.D.Va.1980). Further, I am aware of the cases with which my decision is at odds. See, e.g., *Carter Equipment v. John Deere,* 681 F.2d 386 (5th Cir.1982) and *ABA Distributors, Inc. v. Adolph Coors,* 542 F.Supp. 1272 (W.D.Mo.W.D.1982).

IT IS THEREFORE ORDERED that:

Demag's motion for judgment on the pleadings be granted in its entirety. Power's claim for punitive damages in Counts 1 and 3 through 12 of its complaint, and all of Count 2 seeking damages for the breach of fiduciary duties are hereby dismissed for failure to state a claim upon which relief can be granted.