No. 10,780.

FIDELITY AND CASUALTY COMPANY OF NEW YORK *v.* WALKER.

Decided January 7, 1924.   Rehearing Denied March 3, 1924.

Action on indemnity bond.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  BONDS—*Delivery and Acceptance.*  A casualty company executed a bond to indemnify a county treasurer against loss of funds deposited with a bank.  The bank sent the bond to the treasurer with the statement that it was to take the place of a bond in like amount in another company.  The treasurer examined it, found it properly executed, and got out the other bond with the intention of returning it to the bank, *Held*, that there was a delivery and acceptance of the substituted bond.

2.      *Ratification.*  A casualty company with knowledge of all the facts which accepts and retains the premium on a bond, and makes a partial payment of loss thereunder, thereby ratifies its execution, delivery and acceptance, and may not thereafter deny its delivery.

*Error to the District Court of Crowley County, Hon. James A. Park, Judge.*

Mr. W. D. WRIGHT, Mr. W. D. WRIGHT, JR., for plaintiff in error.

Messrs. MAST & MEIKLE, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action brought by the defendant in error, as county treasurer of Crowley county, against The Fidelity and Casualty Company, as surety on the depository bond of the Citizens State Bank of Ordway, indemnifying the treasurer against loss of county funds kept in that bank by him.

The trial was to the court and the plaintiff had judgment. The defendant sued out this writ of error, and the case is before us on an application for a supersedeas, with a request from both parties that the case be finally determined on this application.

It appears that the Citizens State Bank furnished Walker, the county treasurer, with two depository bonds, one for $15,000, the other for $10,000, with the United States Fidelity and Guaranty Company as surety. Subsequently, on October 7, 1921, the treasurer received through the mail a depository bond for $10,000, signed by the Citizens State Bank, as principal, and the plaintiff in error as surety, with a letter of enclosure from the president of the bank stating that "This bond we wish to take the place of bond which you have in the same amount given by the U. S. Fidelity and Guaranty Company." The treasurer examined the bond so received from the bank, found that it was properly executed, and then got the bond for a like amount of the United States Fidelity and Guaranty Company and placed it on his desk, with the intention of returning it to the bank when he should next make a deposit, but did not make a deposit that day and did not return the bond. The bank did not open the next day, and passed into the possession of the State Bank Commissioner for insolvency. Sixty days thereafter the plaintiff in error paid the Treasurer two-sevenths of his loss and took an assignment from him to the extent of such payment, and thereafter received and retained dividends based thereon from the Bank Commissioner. The present suit was for the unpaid balance of the bond.

The defense was nondelivery of the bond and fraud and misrepresentation of the United States Fidelity and Guaranty Company in procuring the execution of the bond with knowledge on the part of the treasurer as to the fraudulent transaction.

The court found against the plaintiff in error, and the findings are abundantly sustained by the evidence. There is not a scintilla of evidence in the record that the treas-

urer had any information, or that he entertained any suspicion, that the bank was not absolutely solvent.   The record shows a delivery and acceptance of the bond.   The plaintiff in error was notified on the day the bank failed, and it was then fully informed as to the three bonds, and as to the circumstances of the delivery and acceptance of its bond, and sixty days thereafter, with the knowledge of these facts, it paid the treasurer $6,513.88.   The partial payment under such circumstances was a ratification of · the execution, delivery and acceptance of the bond.

The court expressly found from the evidence "that the defendant ratified and confirmed the delivery of said bond after knowledge of all the facts by accepting and retaining the premiums on said bond, and by making partial payment on the same, and that therefore the defendant cannot now be heard to complain that there was no proper delivery of said bond."

We find no error in the record.

Supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.