### No. 10,586.

### FOLDA REAL ESTATE CO. *v.* JACOBSEN, ET AL.

Decided February 4, 1924. Rehearing Denied March 3, 1924.

Action to foreclose a mortgage. Judgment of dismissal.

### *Reversed.*

1. BILLS AND NOTES—*Promissory Note—Cause of Action.* The cause of action on a note arises where payment is due.

2.  REMEDIES—*Mortgage.*  A mortgagee of land may sue on the note alone, sue for foreclosure alone, or join both proceedings in one.

3.  LIMITATIONS—*Foreclosure of Mortgage.*  In the case under consideration, it is held, under the provisions of chapter 42, S. L. '17, that foreclosure of a real estate mortgage is not barred, although action on the note secured thereby and executed in another state, is barred by the laws thereof.

4.  MORTGAGES—*Foreclosure—Limitation of Actions.*  Although action on a mortgage note may be barred by the statute, the remedy of foreclosure remains, since it is the action and not the debt that is barred.

5.  STATUTES—*Application.*  Sections 6397, 6403 and 6404, C. L. '21, concerning limitation of actions, apply only to personal actions.

6.  REAL PROPERTY—*Purchaser—Encumbrance.*  The purchaser of real property who does not assume a mortgage thereon, may discharge the encumbrance to protect his title and take an assignment of the mortgage.

*Error to the District Court of Sedgwick County, Hon. H. E. Munson, Judge.*

Messrs. MORSMAN, MAXWELL & HAGGART, Messrs. PONSFORD, CARNINE & PENDER, Mr. GEORGE R. LARWILL, for plaintiff in error.

Messrs. ROLFSON & HENDRICKS, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE court below dismissed a bill for foreclosure of a mortgage, brought by plaintiff in error, on the ground that it was barred by the limitation of chapter 42, S. L. 1917. The question is: Was this right? The said chapter 42 is as follows: "When a cause of action has heretofore arisen or hereafter arises in another state  *  *  *  and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state,

except in favor of one who has been a citizen of this state and who has held the cause of action from the time it accrued."

January 12, 1914, defendant Richard Jacobsen gave plaintiff company a forty day note for $1,000, which was afterwards extended to January 12, 1915, and a mortgage on land in Sedgwick county, Colorado, was given to secure it. There was a prior mortgage for $1,250. Defendant Hendricks afterwards purchased the land at a sale on execution against Jacobsen. He then purchased the $1,250 mortgage which he had till then overlooked.

The plaintiff is a Nebraska corporation, and all other parties are residents of Nebraska; the note and mortgage were made, executed and delivered in that state and the note was payable there.

The suit on the note was barred by the statute of Nebraska but not of Colorado unless by the above act.

This statute may be unconstitutional under article IV, section 2 of the Constitution of the United States, and perhaps under the Constitution of Colorado, but we do not find it necessary to decide that question. The question is: Where does a cause of action "arise?" Every cause of action consists of two things, a right and a violation thereof. There is no cause of action, then, on a note until the right conferred by the contract of which the note is the evidence, i. e., the right to the money at the time and place specified, has been violated by the failure to then and there pay, whereby the violator is immediately subject to an action in the courts of that jurisdiction. It would seem reasonable, then, to say that the cause of action on a note arises at the place where payment is due. *Bruner v. Martin*, 76 Kan. 862, 865 et seq., 93 Pac. 165, 14 L. R. A. (N. S.) 775, 123 Am. St. Rep. 172, 14 Ann. Cas. 39; Pom. Rem. § 347.

But what of the cause of action for foreclosure of the mortgage? A right has been conferred by the mortgage, different and separate from the mere right to be paid, viz.: the right to have the mortgaged land sold to pay the dishonored debt. From time immemorial it has been the right

of a mortgagee to sue on the note alone, to sue for foreclosure alone, or to join these proceedings in one. 27 Cyc. 1515. The right to sell the land to pay the debt was conferred by the contract of mortgage, and is added to the note, and although it is a mere incident of the debt, yet it cannot be enforced in a Nebraska court.

But the statute, by the words "arises in another state," must mean in the courts of that state. It is speaking of the rights of action in that state in comparison with and in contra-distinction to the rights of action in this state. It could not mean a right of action not cognizable by the courts of that state because as against such a right there could be no statute of limitations or bar by "lapse of time in that state." It follows that the cause of action on the mortgage itself is not barred.

But it is argued that the right of action on the note is barred in Nebraska, and therefore is barred here, and that, without a right of action on the note, there can be no right of foreclosure. This position is supported by decisions of our Court of Appeals, *McGovney v. Gwillim,* 16 Colo. App. 284, 65 Pac. 346; *Rowe v. Mulvane,* 25 Colo. App. 502, 139 Pac. 1041, which hold that the bar of action on a mortgage note bars an action in court to foreclose the mortgage, otherwise we need say little about it. We have, however, decisions in this court the grounds of which are inconsistent with the grounds of those decisions and necessarily lead to the opposite conclusion. *Brereton v. Benedict,* 41 Colo. 16, 92 Pac. 238; *Holmquist v. Gilbert,* 41 Colo. 113, 92 Pac. 232, 14 L. R. A. (N. S.) 479; *Foot v. Burr,* 41 Colo. 192, 92 Pac. 236, 13 L. R. A. (N. S.) 1210. These three cases hold that a trust deed with power of sale may be foreclosed by execution of the power though action on the debt which it secures be barred by the statute of limitations. True, the opinions in these cases say that such a foreclosure is not an action, and for that reason is not barred, but it is evident that if the debt were barred and not merely the action upon it there could justly be no sale to pay it. This court in the above cases recognizes this

and makes clear the long established theory that only the action on the debt is barred and so reaches the conclusion that any other remedy remains. To enforce the right of sale is the function of a foreclosure suit as well as a sale under a deed of trust. Does it not follow that the remedy by foreclosure in court remains? And since it is the action and not the debt that is barred, the argument in the cases in the court of appeals falls to the ground. They cannot. stand except upon the theory that it is the debt itself.

The California cases are not of much force, because there by a special statute the lien dies with the right of action on the debt.

*Bruner v. Martin, supra,* is against our conclusion here, but though it discusses the meaning of the word "arose" in a most illuminating way, it takes the question of the bar of the mortgage by the bar of action on the note as a matter of course without discussion.

To hold that foreclosure would not lie here would be to turn over the regulation of a right of action in our courts, which alone have jurisdiction of it, to the legislature of another state whose courts have no jurisdiction of it.

We find no other statute of this state which bars the foreclosure. C. L. §§ 6397, 6403 and 6404 refer only to personal actions. *Munson v. Marks,* 52 Colo. 553, 124 Pac. 187; *Munson v. Keim,* 53 Colo. 576, 127 Pac. 1026.

We must say that the foreclosure is not barred by the statute in question.

The above conclusion makes it necessary to decide the rights of defendant Hendricks under the $1,250 mortgage.

We can see no objection to his purchase of it. His right to do so would seem to be clear. 27 Cyc. 1331. *Moore v. Olive,* 114 Iowa, 650, 87 N. W. 720 does not support plaintiff in error on this point. In that case the purchaser purposed to compel the payment by the mortgagor, of the mortgage subject to which he had purchased the land, so that he would have the land free from the mortgage subject to which he had purchased it; manifestly unjust. No such condition appears here, because here all parties hold sub-

ject to the mortgage, and whoever ultimately gets the land ought, on the principle of *Moore v. Olive* itself, to pay it. If plaintiff acquires the title, it will have to pay no more to Hendricks than it would have to pay to the original mortgagee.

Reversed and remanded.