### No. 10,788.

### PETRI *v.* DOUGHTY.

Decided June 2, 1924.   Rehearing denied July 7, 1924.

Action for specific performance.   Judgment for plaintiff.

#### Affirmed.

1. COUNTY COURTS—*Jurisdiction—Equity*. A court of equity may grant any relief to which a complainant is entitled under the allegations of his complaint and proof in support thereof. The

prayer is not controlling. In an action in the county court for specific performance, the asking for a mandatory injunction, which the court had no jurisdiction to grant, would not deprive it of jurisdiction.

2. PLEADING—*County Courts—Jurisdictional Amount*. A complaint in an action in the county court which did not allege that the value of the property involved was less than $2,000, if defective in that respect, was aided by the answer, which alleged it was not worth $1,500.

3. LIMITATION OF ACTIONS—*Contract*. The statute of limitations does not begin to run until the right of action has accrued. In the instant case a contract for the sale of a desert entry was to be fully executed after final proof. It is held that the statute would not begin to run against an action for specific performance thereof, until proof had been made.

4. *Note—Mortgage*. The fact that action on a note is barred by the statute of limitations does not bar the debt, nor an action to foreclose a mortgage securing the same.

*Error to the County Court of Delta County, Hon. Frank M. Goddard, Judge.*

Mr. W. H. BURNETT, Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FLOYD F. MILES, for plaintiff in error.

Mr. MILTON R. WELCH, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error brought suit in the county court of Delta county against plaintiff in error on a contract by which she sold to the defendant in the action her right in a desert land entry.

The complaint sets up the making of the contract, and that the defendant made the prescribed cash payment, but declined to execute a note for the remainder of the purchase price agreed upon, or to secure the same upon the land, as agreed. The agreement provided that a balance of $1,500 should be evidenced by a note of that amount, and that it

should be secured on the land as soon as proof was made thereon, if not sooner paid. The contract was entered into in January, 1912, and the complaint alleges that proof was made in December, 1919. The answer admitted execution of the agreement and the conveyance of the land, and sets up the statute of limitation.

The prayer of the complaint was for a mandatory injunction, requiring the defendant to execute a mortgage on the property to secure the balance due, and that the defendant be required specifically to perform his contract by executing such mortgage. Complainant waived all claim above $2,000. The court found for the plaintiff, holding that the contract became an equitable mortgage, when the final proof had been made on the entry, and directed a foreclosure of the mortgage. Plaintiff in error relies upon three points: First, want of jurisdiction; second, the statute of limitations; third, that the decree is contrary to law.

On the first point it is contended that this was a suit for mandatory injunction, which the county court has no authority to grant. Section 5770, C. L. 1921. It is true that the prayer was for a mandatory injunction, but it asks also that specific performance of the contract be ordered. It is well settled that a court of equity may grant any relief to which a complainant is entitled under the allegations of the complaint, and the proof introduced in support thereof. The prayer of the complaint is not controlling. The court, therefore, had jurisdiction of the cause since the complaint sets up grounds for equitable relief.

Further objection is made that the court is without jurisdiction because the complaint did not allege that the value of the property was less than $2,000. The complaint, if defective in this respect, was aided by the answer which alleges that the property is not worth $1,500.

The note having been due more than six years before the beginning of the suit, it is claimed that it is barred by the statute of limitation. The trial court having, rightly as we think, found that this is a suit in which it is proper

to direct a foreclosure of an equitable mortgage, it follows that the barring of the note does not bar a suit on the contract. No action to compel performance of the contract to give the mortgage was possible until proof had been made under the entry. It is wholly immaterial whether the delay was due to the defendant, or to causes over which he had no control; the result is the same in either case. The statute could not run until the right of action had accrued.

In *Folda Real Estate Co. v. Jacobson,* 75 Colo. 16, 223 Pac. 749, this court held that the statute of limitations barred action on the note but did not constitute a bar to the debt itself. This would seem to be conclusive upon this point, but without that ruling we are of the opinion that the bar did not act upon the agreement in the contract and therefore that the decree of foreclosure is valid.

The third point is based upon the two points discussed and therefore needs no consideration.

The judgment is accordingly affirmed.

MR. JUSTICE WHITFORD and MR. JUSTICE DENISON concur.