[Civ. No. 18728. Fourth Dist., Div. One. Jan. 30, 1980.]

VICTOR SEVILLA et al., Plaintiffs and Appellants, v.
STEARNS-ROGER, INC., et al., Defendants and Respondents.

COUNSEL

Ronald L. M. Goldman and Sheila Walsh Hoff for Plaintiffs and Appellants.

McInnis, Fitzgerald, Rees & Sharkey, Noel M. Allen, Boggust & Rollins and Joseph Zimmerman for Defendants and Respondents.

OPINION

BROWN (Gerald), P. J.—Victor Sevilla was injured while repairing a large "pan" used by his employer to boil syrup in the sugar refinement process. Within a year Sevilla sued the designer (Stearns-Roger) and manufacturer (General Iron Works) of the "pan," alleging the apparatus was defective and unsafe for its intended use. The defendants moved for summary judgments, arguing solely the action was barred by Code

of Civil Procedure sections 337.1 and 337.15.[1] The court below granted the motions, entering judgments for the defendants, without stating any specific grounds for its action. Sevilla appeals.

■    Summary judgment is the appropriate disposition of an action which on its face is barred by a statute of limitations (see *Wells Fargo Bank* v. *Superior Court* (1977) 74 Cal.App.3d 890, 895 [141 Cal.Rptr. 836]). However, summary procedure is drastic and should be used with caution and not become a substitute for trial (*Howe* v. *Pioneer Mfg. Co.* (1968) 262 Cal.App.2d 330, 337 [68 Cal.Rptr. 617]). ■    Here the limitations imposed by sections 337.1 and 337.15 were improperly applied by the trial court.

Personal injury actions based upon a products liability theory are governed by a one-year period of limitations (Code Civ. Proc., § 340, subd. 3; *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 25 [122 Cal.Rptr. 218]). For the purposes of the statute, an injured

---

[1]Code of Civil Procedure section 337.1 provides: "(a)   Except as otherwise provided in this section, no action shall be brought to recover damages from any person performing or furnishing the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to real property more than four years after the substantial completion of such improvement for any of the following:
    "(1)   Any patent deficiency in the design, specifications, surveying, planning, supervision or observation of construction or construction of an improvement to, or survey of, real property;
    "(2)   Injury to property, real or personal, arising out of any such patent deficiency; or
    "(3)   Injury to the person or for wrongful death arising out of any such patent deficiency.
    "  .    .    .    .    .    .    .    .    .    .    .    .    .    .
    "(e)   As used in this section, 'patent deficiency' means a deficiency which is apparent by reasonable inspection."
    "  .    .    .    .    .    .    .    .    .    .    .    .    .    .
    Code of Civil Procedure section 337.15 provides: "(a)   No action may be brought to recover damages from any person who develops real property or performs or furnishes the design, specifications, surveying, planning, supervision, testing, or observation of construction or construction of an improvement to real property more than 10 years after the substantial completion of such development or improvement for any of the following:
    "(1)   Any latent deficiency in the design, specification, surveying, planning, supervision, or observation of construction or construction of an improvement to, or survey of, real property.
    "(2)   Injury to property, real or personal, arising out of any such latent deficiency.
    "(b)   As used in this section, 'latent deficiency' means a deficiency which is not apparent by reasonable inspection.
    "  .    .    .    .    .    .    .    .    .    .    .    .    .    .    "

employee's cause of action against the manufacturer of defective equipment runs from the date of injury, rather than the date the product was purchased (*Rodibaugh* v. *Caterpillar Tractor Co.* (1964) 225 Cal.App. 2d 570, 573 [37 Cal.Rptr. 646]). Theoretically, manufacturers remain liable indefinitely for injuries proximately caused by their defective products (see Kimble & Lesher, Products Liability, § 291, p. 318).

The Legislature has enacted statutes which provide a final point of termination, to protect some groups from extended liability.[2] Sections 337.1 and 337.15 provide such a limitation on actions for design or construction defects in improvements to real property (*Regents of University of California* v. *Hartford Acc. & Indem. Co.* (1978) 21 Cal.3d 624, 641 [147 Cal.Rptr. 486, 581 P.2d 197]).

Defendants assert this limitation should be invoked to cut off Sevilla's action because their "pan" was ultimately installed in a sugar refinery. By this simple fact, defendants claim, a "product" was transformed to an "improvement of real property." The effect of such a transformation would severely limit the development of products liability law and bestow this statutory protection on manufacturers of alleged defective products. There has been no indication the state Legislature sought to protect this group from liability. Nor has any appellate court applied these statutes in the area of products liability. Statutorily imposed limitations on actions are technical defenses which should be strictly construed to avoid the forfeiture of a plaintiff's rights (*Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 411 [154 P.2d 399]). Such limitations are obstacles to just claims and the courts may not indulge in a strained construction to apply these statutes to the facts of a particular case (*California Sav. etc. Soc.* v. *Culver* (1899) 127 Cal. 107, 111 [59 P. 292]; *County of L. A.* v. *Security First Nat. Bank* (1948) 84 Cal.App.2d 575, 580 [191 P.2d 78]). Any doubt as to whether summary disposition is proper must be resolved against the moving parties (*Keene* v. *Wiggins* (1977) 69 Cal.App.3d 308, 311 [138 Cal.Rptr. 3]). The trial court erred in stretching sections 337.1 and 337.15 to include the defendants in this case.

Apart from the statutes of limitation issue raised as the only issue in the superior court, Stearns-Roger now seeks to show on appeal that the underlying action is otherwise without merit. Only those issues before

---

[2]See, for example, Code of Civil Procedure section 340.5 (health care providers), Code of Civil Procedure section 340.6 (attorneys).

the trial court at the time it ruled on the summary judgment motion will be considered on appeal (*Jacobs* v. *Retail Clerks Union, Local 1222* (1975) 49 Cal.App.3d 959, 966 [123 Cal.Rptr. 309]). The case should go to trial.

Judgments reversed.

Cologne, J., and Staniforth, J., concurred.