**James D. WYATT, Plaintiff-Appellant,**

v.

**UNITED AIRLINES, INC., a Delaware corporation, and McDonnell-Douglas Corporation, Defendants-Appellees.**

No. 80CA1118.

Colorado Court of Appeals,
Div. II.

Aug. 27, 1981.

Rehearing Denied Sept. 17, 1981.

Certiorari Denied Dec. 14, 1981.

Mallgren & Podoll, P. C., Richard B. Podoll, Denver, for plaintiff-appellant.

Tilly & Graves, John W. Grund, Denver, for defendant-appellee United Airlines, Inc.

Weller, Friedrich, Hickisch & Hazlitt, Donald Lawrence, Jr., Denver, for defendant-appellee McDonnell-Douglas Corp.

STERNBERG, Judge.

Plaintiff appeals from summary judgment entered for defendants, asserting that the trial court erred in applying the Califor-

nia statute of limitations which serves to bar the action rather than the Colorado statute of limitations which would allow it to proceed. We affirm.

On January 17, 1978, the plaintiff, James D. Wyatt, was injured while disembarking in San Francisco from a United Airlines flight originating in Denver. Another passenger pushed past him causing his elbow to bump into the edge of the aircraft door. He was treated for the injury immediately at the airport clinic.

On September 17, 1979, Wyatt filed suit in Colorado against United Airlines, Inc., seeking to recover for the negligence of its employees and McDonnell-Douglas Corporation, the manufacturer of the airplane, claiming strict liability for manufacture of a defective product. Both defendants moved for summary judgment, asserting that Colorado's statute relating to causes barred in the state of origin required application of the California statute of limitations which precluded plaintiff's recovery. Their motion was granted and Wyatt appeals from the trial court's judgment of dismissal.

■ In California there is a one year statute of limitations governing "[a]n action for . . . injury to or the death of one caused by the wrongful act or neglect of another . . . ." *Cal.Civ.Proc.Code* § 340 (West). By its terms, this provision governs personal injury actions grounded in negligence. And, it has been construed to apply to personal injury actions based on a theory of products liability. *Sevilla v. Stearns-Rogers, Inc.*, 101 Cal.App.3d 608, 161 Cal.Rptr. 700 (1980).

Colorado's "borrowing" statute, § 13–80–118, C.R.S.1973, provides:

"If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained against a person by reason of lapse of time, an action thereon shall not be maintained against him in this state."

*See Smith v. Kent Oil Co.*, 128 Colo. 80, 261 P.2d 149 (1953).

■ The trial court interpreted Colorado's borrowing statute to require application of the California statute of limitations and, therefore, concluded that, since the complaint was filed more than one year after the incident, the action was barred. We agree with this interpretation.

Wyatt's contention that the borrowing statute is inapposite is without merit. Under *Folda Real Estate Co. v. Jacobsen*, 75 Colo. 16, 223 P. 748 (1924), Colorado's borrowing statute must be applied where, as here, the cause of action arises in another state and the only reason that the cause of action is not cognizable in the foreign state is plaintiff's failure to comply with that state's statute of limitations. This view is consistent with the *Restatement (Second) of Conflict of Laws* § 142(1):

"An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state."

■ Moreover, Wyatt's reliance on the "most significant relationship test" to determine which statute of limitations applies is misplaced. The *Restatement (Second) of Conflict of Laws* § 145, which governs choice of law to be applied in tort actions, *First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973), incorporates by reference *Restatement (Second) of Conflict of Laws* § 6, which must be considered in analyzing which state has the most significant relationship to the issue. *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 198 Colo. 444, 601 P.2d 1369 (1979). That section of the *Restatement* provides:

"A court, subject to constitutional restrictions, will follow the statutory directive of its own state on choice of law."

Because § 13–80–118, C.R.S.1973, indicates the law to be applied here, it is unnecessary to consider other factors relevant to the choice of law question where, as in *Rostek, supra*, there is no such statutory directive.

■ The question presented here is one of first impression, and is not frivolous. Hence, we reject United's request for attorney's fees and costs pursuant to C.A.R. 38

and § 13–17–101 et seq., C.R.S.1973 (1980 Cum.Supp.).

The judgment is affirmed.

PIERCE, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting:

I respectfully dissent.

Colorado has adopted "the most significant relationship" rule in choice of law situations. The first determination that must be made is where the most significant relationships do lie. "Once the state having the most significant relationship is identified, the law of that state is then applied to resolve the particular issue." *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 601 P.2d 1369 (1979).

Neither the majority nor the trial court made a first determination of the forum of the most significant relationships; therefore, the reliance on the borrowing statute, § 13–80–118, C.R.S.1973, and *Restatement (Second) of Conflicts of Law* § 142(1) is misplaced. *See generally Leflar, The Torts Provisions of the Restatement (Second),* 72 *Colum.L.Rev.* 267 (1972). Before the statute of limitation of a foreign jurisdiction is to be borrowed, there must be a determination of where the action accrued. Therefore, if the plaintiff's claim accrued in Colorado no borrowing is necessary and Colorado law applies. If there is a determination that the claim accrued in California, then the borrowing statute, does apply. *See Trans America Corp. v. Merrion,* 127 Colo. 100, 255 P.2d 391 (1953); *Williams v. Illinois Central R.R.,* 360 Mo. 501, 229 S.W.2d 1 (1950). The function of a statute borrowing another jurisdiction's limitations of action is to avoid the anomalous situation in which the remedy is created by the law of one jurisdiction but cut off by the law of another. *See Folda Real Estate Co. v. Jacobsen,* 75 Colo. 16, 223 P. 748 (1924).

Plaintiff, a *Colorado resident* at the time, purchased a ticket in *Colorado* from United Airlines, a Delaware corporation, doing business in *Colorado.* The airplane provided was a McDonnell-Douglas product.

McDonnell-Douglas is a Maryland corporation doing business in *Colorado.* United Airlines is a common carrier and its duty to plaintiff arose in *Colorado. See Metropolitan Gas Repair Service, Inc. v. Kulik,* Colo., 621 P.2d 313 (1980). Since the duty arose in Colorado, breach of that duty, if any, is best measured by Colorado law. The sole significant relationship between this action and California is the fortuitous occurrence of the accident within its borders while plaintiff was in transit to Hawaii. *First National Bank v. Rostek,* 182 Colo. 437, 514 P.2d 314 (1973).

I would reverse and remand to the trial court to first make a determination of where the most significant relationships lie as a matter of law and then to determine the applicability of the borrowing statute.