Filed 3/7/14  Goudy v. Williams CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANNETTE L. GOUDY, | |
| Plaintiff and Appellant, | G048202 |
| v. | (Super. Ct. No. 30-2011-00521791) |
| KIMBERLY WILLIAMS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed; motion for sanctions denied.

Michael G. Nutter for Plaintiff and Appellant.

Kristen Martin for Defendant and Respondent.

Attorney Annette L. Goudy appeals from a judgment entered after the trial court granted a summary judgment motion against her in the action she filed against her former client, Kimberly Williams, to recover unpaid legal fees. Goudy contends the trial court erred by finding her complaint barred by the four-year statute of limitations (Code Civ. Proc., § 337)[1] and abused its discretion in making certain evidentiary rulings. We reject her contentions and affirm the judgment.

## FACTS AND PROCEDURE

This is the second time Goudy has sued her former client, Williams, to recover the same legal fees. The first action was filed against Williams on August 7, 2008, by the "Law Offices of Annette L. Goudy, A.P.C." (the 2008 Action). The complaint in the 2008 Action sought to recover $71,903.67 in unpaid legal fees plus monthly late charges from June 30, 2005, and alleged Williams breached the contract in September 2006 when she failed to pay the monthly invoices as agreed. Goudy dismissed the 2008 Action three days before trial.

The current action was filed on November 10, 2011, by Goudy in her individual capacity. As with the 2008 Action, Goudy alleged causes of action for breach of contract and common counts against Williams seeking to recover $71,903.67 in unpaid legal fees plus monthly late charges from June 30, 2005. The current complaint alleged Williams breached the contract on December 26, 2007.

Williams' answer to the complaint raised numerous affirmative defenses, including that the current action was barred by the four-year statute of limitations applicable to written contracts. (§ 337.) Her motion for summary judgment was granted on the grounds there were no disputed issues of material fact and Goudy's claim was time-barred.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

*The Summary Judgment Motion*

*Williams' Separate Statement of Undisputed Facts*

Williams' separate statement set forth the following undisputed facts. On May 17, 2005, Williams retained Goudy to represent her in a family law matter. The written retainer agreement identified Williams as the client and "the Law Offices of Annette L. Goudy, a Professional Corporation" as the "'Attorney'" or the "'Firm'" and was signed by Williams and Goudy.

The retainer agreement, which was effective May 17, 2005, provided for Williams to pay Goudy a $3,000 retainer fee. It provided, "In the event [Williams'] balance in the retainer account falls below $1,000, [Williams] agrees to replenish the retainer back to the original amount, *$3,000*. In the event [Williams] has depleted the retainer and has not replenished it, then [Goudy], at [her] sole discretion, may request [Williams] to pay the balance on the billing account on a monthly basis. In the event that the monthly payments are not made and the retainer is not replenished within a period of [15] days then this shall constitute a substantial breach of this [a]greement and shall be grounds for [Goudy] to cease further efforts on behalf of [Williams]." (Underscoring omitted.)

The retainer agreement further provided, "When, and after, the retaining fee has been exhausted at the specified hourly rates set herein, there remains a balance of legal fees on [Williams'] account to be paid, [Williams] agrees to pay the entire balance due each month. In the event [Williams] cannot pay the entire balance each month, [Williams] must make payment arrangements with [Goudy's] accounting office." In an attachment, Williams agreed, "All bills are payable upon receipt. If there are insufficient funds on deposit in [Wiliams'] trust account to pay the full amount of the bill and a bill is not paid in full prior to the expiration of a thirty [30-]day period from the date of the bill, a [monthly] finance charge . . . will be imposed on the [e]nding [b]alance."

3

Goudy ceased representing Williams in October 2006, and a substitution of attorney form was executed on October 31, 2006. The last bill Williams received, dated November 30, 2006, showed the last legal services were performed on October 30, 2006.

On November 22, 2006, Goudy served Williams with a 30-day notice of the client's right to arbitrate. The notice informed Williams that Goudy intended to file a lawsuit against her for failing to pay $65,153.94 in legal fees, and as an alternative to litigation, Williams had the right to request arbitration. Williams did not exercise her right to have the matter arbitrated.

Williams' separate statement attached portions of Goudy's June 2009 deposition taken in the 2008 Action, in which she testified Williams' last payment to her was a check for $30 dollars, and although Goudy was not certain as to when she received the check, she thought it was "around Thanksgiving" of 2007. Williams declared the last payment she made to Goudy was by a check for $30 dated September 26, 2007. Her separate statement attached a copy of the $30 check, front and back, showing it was deposited by Goudy, and a copy of Williams' bank statement showing the check "post[ed]" and cleared her bank account (i.e., was paid) on October 10, 2007.

On April 21, 2008, Goudy sent Williams a certified letter on the top of which was written in all bold and capital letters that it was a settlement offer made pursuant to section 998. The letter warned Williams that with penalties and interest charges, she now owed Goudy $71,351.76 for legal services rendered on her behalf. Goudy's letter detailed the "only" payments Goudy had received since she ceased representing Williams as being, "$100 in February, 2007; $50 in March, 2007; and $30 in each of the months of June, July, and September 2007." It warned Williams that if she did not provide "security or regular and substantial payments," Goudy would file suit. Goudy told Williams she must "advise [Goudy] of [her] decision by May 6, 2008, or [Goudy would] have no choice but to [file suit]."

4

*Goudy's Separate Statement and Declaration*

Goudy's opposition, supported by her declaration, disputed that the last date Williams was billed for legal services was in October 2006. She asserted the statute of limitations had not expired because the April 21, 2008, letter, constituted a bill, and Goudy "did not consider [Williams] to be in default of the [retainer a]greement until May 6, 2008," the deadline Goudy had given Williams for deciding how she was going to pay the outstanding bill. Goudy agreed it was undisputed Williams tendered a check for $30 that was dated September 26, 2007. However, she declared the check "appears to have been given to me on October 22, 2007," and the last payment "was 'recorded [by me] as [of] November 26, 2007.'" The trial court sustained Williams' objections to the latter statements, and she does not challenge that ruling on appeal.

*Ruling*

In granting Williams' motion for summary judgment, the trial court ruled Goudy's claims were time-barred. It found Williams submitted evidence demonstrating the last payment was made on September 26, 2007, more than four years before the current action was filed, and Goudy failed to introduce any admissible evidence to dispute that fact. Judgment was entered for Williams.

DISCUSSION

*A. Summary Judgment Standard of Review*

"On appeal after a motion for summary judgment has been granted, we review the record *de novo*, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334, italics added.) "Under California's traditional rules, we determine with respect to each cause of action whether the defendant seeking summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that the defendant is entitled to judgment as a

5

matter of law." (*Ibid.*) Any doubts as to whether summary judgment is proper must be resolved against the moving party. (*Sevilla v. Stearns-Roger, Inc.* (1980) 101 Cal.App.3d 608, 611 (*Sevilla*).)

B. *Accrual of Breach of Contract Cause of Action*

Goudy asserts the trial court erred by concluding the statute of limitations commenced, at the latest, upon her receipt of the last payment by Williams. We disagree.

Summary judgment is appropriate when an action, on its face, is barred by the statute of limitations. (*Sevilla, supra,* 101 Cal.App.3d at p. 610.) A four-year statute of limitations applies to written contracts. (§ 337.) "[A] statute of limitations does not begin to run until the cause of action accrues." (*Spear v. California State Auto. Assn.* (1992) 2 Cal.4th 1035, 1040.)

"It has long been established a cause of action based upon a breach of contract accrues at the time of the breach. [Citation.] In the case of a personal performance contract, [a] defendant breaches his obligation to pay at the time [the] plaintiff completes performance of the requested act. [Citations.]" (*E.O.C. Ord, Inc. v. Kovakovich* (1988) 200 Cal.App.3d 1194, 1203 (*Ord*).) Accordingly, in *Ord*, the court held an attorney's cause of action for unpaid fees generally accrues when the attorney's services end. (*Ibid.*) However, partial payment of a debt before the statutory period has ended can extend the obligation into a new statutory period. (*Kaichen's Metal Mart, Inc. v. Ferro Cast Co.* (1995) 33 Cal.App.4th 8, 15 (*Kaichen*).)

Goudy contends the trial court erred by considering either the date she last represented Williams or the date Williams made her last payment as the dates her breach of contract cause of action accrued. Rather, she contends the cause of action did not accrue until she "consider[ed]" Williams to be in breach of the retainer agreement, which Goudy claims was not until May 6, 2008, the deadline she gave Williams in her April 21, 2008, letter for establishing a payment plan. We disagree.

6

Goudy relies on *Richter v. Union Land & Stock Co.* (1900) 129 Cal. 367 (*Richter*), and *Caner v. Owners Realty Co.* (1917) 33 Cal.App. 479 (*Caner*), for the proposition breach of a contract with an indefinite performance time occurs only after a reasonable period of time has been allotted for performance. The cases are inapplicable; this is not a situation where the time for performance is indefinite. The retainer agreement required Williams to pay the balance due each month upon receipt of the bill and if not paid in full within 30 days, interest would accrue.

Here, Goudy's cause of action against Williams for breach of contract accrued on October 31, 2006, the undisputed date on which Goudy ceased performing legal services for Williams and was replaced as counsel. Goudy's claim she did not consider Williams to be in breach of the retainer agreement until almost two years later is specious given that in November 2006, just three weeks after Goudy ceased representing Williams, Goudy served Williams with a notice to arbitrate warning she would institute litigation if Williams did not immediately pay the outstanding legal fees.

Although Goudy's cause of action accrued on October 31, 2006, here because the record shows subsequent payments by Williams, the statutory period extended to four years from the date of Williams' final payment to Goudy. (*Kaichen, supra,* 33 Cal.App.4th at p. 15.) The trial court granted Williams' motion for summary judgment on grounds Goudy failed to submit any admissible evidence to dispute Williams' showing her last payment occurred on September 26, 2007, and was therefore the latest date on which the statute of limitations began to run, and Goudy's complaint filed November 10, 2011, was time-barred.

C. *Triable Issues of Material Fact*

Having concluded the trial court correctly determined the statute of limitations commenced, at the latest, when Williams made her last payment to Goudy, we turn to Goudy's contention there were triable issues of fact as to when that happened. Again, we disagree.

7

"[T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851 (*Aguilar*).) If the moving party carries that burden, "he [or she] causes a shift, and the opposing party is then subjected to a burden of production of his [or her] own to make a prima facie showing of the existence of a triable issue of material fact." (*Id.* at p. 850.) A triable issue of material fact exists "'if, and only if, the evidence [presented] would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof.' [Citation.]" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145.) "[A] party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture'" or relying upon mere allegations. (*Ibid.*) Rather, the party opposing summary judgment "must produce admissible evidence raising a triable issue of fact." (*Ibid.*)

In her moving papers, Williams produced evidence showing her final payment to Goudy was made by a check for $30 payable to Goudy dated September 26, 2007, which was negotiated and cleared Williams' bank on October 10, 2007. Goudy's April 2008 settlement letter to Williams, Goudy specifically stated the last payment she received from Williams was in September 2007. Williams satisfied her burden of showing the date final payment occurred more than four years before this action was filed. The burden then shifted to Goudy to demonstrate otherwise.

Goudy asserts she presented evidence the final payment was made later than Williams claimed and within the four-year limitations period. The evidence is Goudy's declaration in which she stated she did not receive Williams' $30 check until October 22, 2007, and the last payment was not recorded by her until November 26, 2007. But the trial court sustained Williams' objections to those statements in Goudy's declaration and she has not challenged those rulings. Goudy asserts her "accounting"

8

demonstrates the last payment was received November 26, 2007, but the accounting is nothing more than a list of dates and payments she attached to her declaration with no explanation as to how, when, why, or by whom that list was prepared. Goudy also points to her June 2009 deposition in the 2008 Action, in which she claims she testified she received Williams' last payment around Thanksgiving 2007. But her actual testimony was far more ambiguous. Goudy testified she could not remember when the payment was received, but thought it was around Thanksgiving 2007. And in any event, Goudy's self-serving declaration and accounting is insufficient to overcome Williams' evidentiary showing—her September 26, 2007, check to Goudy that was paid by Williams' bank on October 10, 2007, and which is corroborated by Goudy's own April 2008 settlement letter stating the last payment was made in September 2007. In short, Williams' demonstrated she made her last payment to Goudy on September 26, 2007, and it was posted by October 10, 2007, both dates more than four years before Goudy's November 10, 2011, complaint was filed. Accordingly, the action is time-barred.

*D. Evidentiary Rulings*

Goudy argues the trial court erred in certain evidentiary rulings. We find no reversible error.

In responding to Goudy's opposition to her summary judgment motion, Williams filed objections to several statements contained in Goudy's declaration, including the two at issue here. Williams' objection No. 3 pertained to Goudy's statements concerning how she met Williams. Goudy declared Williams was the receptionist in the building where Goudy rented office space who was employed by the landlord to answer tenants' telephones, take messages, and deliver mail. She explained Williams knew Goudy was a family law lawyer and they had "a good working

9

relationship."[2]  Williams' objection No. 4 pertained to Goudy's declaration's statement that, "[Williams] asked me to represent her in a family law matter because she knew that I limited my practice to family law and wanted me to represent her."  The trial court sustained Williams' relevance objections to both statements.

Our Supreme Court has not decided whether a trial court's ruling on evidentiary objections in connection with a summary judgment motion should be reviewed under a de novo or abuse of discretion standard.  (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535 ["we need not decide generally whether a trial court's rulings on evidentiary objections based on papers alone in summary judgment proceedings are reviewed for abuse of discretion or reviewed de novo"].)  The weight of appellate court authority applies the abuse of discretion standard.  (*Carnes v. Superior Court* (2005) 126 Cal.App.4th 688, 694 (*Carnes*); see *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1283 [test for abuse of discretion is whether trial court exceeded bounds of reason].)  But regardless of the appropriate standard of review, Goudy must still show any claimed error or abuse of discretion was prejudicial.  (*Carnes*, *supra,* 126 Cal.App.4th at p. 694 [Cal. Const., art. VI, § 13 requires anyone seeking reversal of a judgment to show error was prejudicial].)  She has failed in that regard.

---

[2]	The full statement was, "I have been a sole practitioner for many years, including all of the time that I had an office located at The Carriage House, 1604 E. Fourth Street, Santa Ana, California 92701.  ("The Carriage House")  When I first located my practice of law at the Carriage House, I rented an office from two other attorneys ("Landlord").  My Landlord and I agreed that as part of my rent, they would provide telephone answering service for my office telephone number during the regular business hours along with other services such as mail delivery.  It is my recollection that the Landlord's employee who was assigned to answer my telephone line was . . . Williams.  [Williams] answered my telephone line, provided me messages and generally [*sic*] my mail as part of her duties as the Landlord's employee through approximately August 2008.  [Williams] was in the office common areas and I developed a good working relationship with her.  [Williams] knew that I limited my practice to family law.  [She] knew that I was a sole practitioner who did not employ any other licensed attorneys . . . ."

10

"'Relevant evidence' means evidence . . . having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.)  Goudy argues her statements concerning how she met Williams, their good working relationship, and why Williams hired her was relevant to understand why Goudy did not consider Williams to have breached the retainer agreement until the date specified in the April 2008 settlement letter (i.e., the May 6, 2008, deadline Goudy gave Williams).  But Goudy's theory of relevancy relies upon her contention made in reliance on *Richter, supra,* 129 Cal. 367, and *Caner, supra,* 33 Cal.App. 479, that Williams would not have been in breach of the retainer agreement until a reasonable period of time for her performance had passed, i.e., until Goudy considered Williams to have breached the retainer agreement.  We have already rejected that theory.  The trial court correctly applied the general rule set forth in *Ord, supra,* 200 Cal.App.3d 1194, concluding Goudy's breach of contract cause of action accrued at the latest when Williams made her last payment to Goudy.  Accordingly, Goudy has not demonstrated she was prejudiced by exclusion of these portions of her declaration.

In short, the trial court correctly found Goudy's complaint filed more than four years after Williams made her last payment to Goudy was time-barred.  In view of this conclusion, we need not consider Williams' alternative ground for summary judgment—that Goudy could not sue in her individual capacity because the retainer agreement was between Williams and Goudy's professional corporation.

*E.  Sanctions*

Williams filed a motion requesting sanctions be imposed on Goudy for prosecuting a frivolous appeal.  Sanctions rest in the court's discretion when a litigant files an appeal that is "frivolous . . . or . . . solely to cause delay." (Cal. Rules of Court, rule 8.276(a)(1); § 907.)  An appeal is frivolous "when it is prosecuted for an improper motive . . . or when it indisputably has no merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)  Sanctions "should be used most sparingly to deter only the most

11

egregious conduct." (*Id.* at p. 651.)  We have reviewed the record and decline to impose sanctions at this time.

DISPOSITION

The judgment is affirmed.  The motion for sanctions is denied.  Respondent is awarded her costs on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


IKOLA, J.